UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | August 28, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    IN CHAMBERS – COURT ORDER

Before the Court is an Ex Parte Application for Relief from Deadline Imposed by Local Rule 23-3 filed by plaintiff Andrea Ridgell ("Plaintiff") (Docket No. 18).  Plaintiff seeks relief from Local Rule 23-3's timing requirement for the filing of a Motion for Class Certification.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995 . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."  Plaintiff filed this action in this Court on June 1, 2018, and served the Summons and Complaint on defendant Frontier Airlines, Inc. ("Frontier") on June 15, 2018.  According to Plaintiff's Ex Parte Application, she has not yet served defendant Airbus S.A.S. ("Airbus") with the Summons and Complaint because service on Airbus requires compliance with the Hague Convention.  Based on Plaintiff's service of the Summons and Complaint on Frontier, the deadline established by Local Rule 23-3 is September 13, 2018.

To justify ex parte relief, the moving party must demonstrate two things: "First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.  Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect."  Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Plaintiff has not satisfactorily explained why she could not have sought relief from Local Rule 23-3 through a regularly-noticed Motion rather than delaying until a point in time when such a Motion could not be filed and heard prior to the Local Rule 23-3 deadline.  Instead, Plaintiff's delay in seeking relief has created the "emergency" she claims justifies ex parte relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | August 28, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

Neither this Court nor Frontier should have to rush to consider Plaintiff's Ex Parte Application merely because Plaintiff did not seek such relief sooner. Nevertheless, and so that both Frontier and the Court have the time contemplated for opposing and considering such a Motion, the Court will continue the Local Rule 23-3 deadline to October 22, 2018, so that Plaintiff may file a regularly-noticed Motion for Relief from Local Rule 23-3. Plaintiff shall file such a Motion, pursuant to Local Rule 6-1 and the Court's Standing Order, by no later than September 6, 2018, and set the Motion for a hearing on October 15, 2018. The Court's extension of the Local Rule 23-3 deadline to October 22, 2018, is without prejudice to a further extension should Plaintiff establish good cause for additional relief.

IT IS SO ORDERED.