**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:   (805) 270-7100
Facsimile:    (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@ bradleygrombacher.com
temerson@bradleygrombacher.com

**ROTHSCHILD & ASSOCIATES, APC**
Kristi D. Rothschild, Esq. (SBN 222727)
Julian Alwill, Esq. (SBN 259416)
27 W. Anapamu Street, Suite 289
Santa Barbara, California   93101
Telephone:   (805) 845-1190
Facsimile:    (805) 456-0132
krothschild@kdrlawgroup.com
jalwill@kdrlawgroup.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA RIDGELL, on behalf of herself and others similarly situated<br><br>                  Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC. a Colorado corporation; AIRBUS S.A.S., a foreign corporation doing business in the State of California; AIRBUS GROUP HQ INC., a corporation doing business in the State of California<br>                  Defendants. | **Case No.: 2:18-CV-04916 PA (AFMx)**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR RELIEF FROM DEADLINE IMPOSED BY LOCAL RULE 23-3; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 15, 2018 at 1:30 p.m. before the Honorable Percy Anderson, in Courtroom  9A of the United States District Court located at  350 West 1st Street, Los Angeles, California, 90012, plaintiff, Andrea Ridgell ("Plaintiff") shall and does move this Court pursuant to Fed. R. Civ. P. 26(b)(1)-(2), as well as C.D. Cal. Local Rules 7 and 7-11 and this Court's Standing Order [ECF Dkt No. 8.]  for an order granting Relief from the 90-day deadline imposed by United States District Court, Central District of California Local Rule 23-3.

The Motion is made on the grounds that a party to the action has not yet been served and the pleadings are not fully at issue, thus, discovery could not fully be conducted on issues critical to certification.  Defendant Airbus S.A.S. ("Airbus") is a foreign corporation and, as such, service must be effectuated through protocols established by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention" or "Hague Convention").[1]  Although Plaintiff promptly initiated such protocols, the process is inherently slow and protracted and Airbus has not yet been served.  As such, discovery on this entity cannot yet be conducted.  It is anticipated that Airbus possess discovery relevant to Plaintiff's motion for class certification, including, information regarding the design and manufacture of the subject aircrafts.  Such information will be relevant to foundational certification factors such as commonality, typicality and predominance.

The Motion is based on this Notice of Motion and Motion for Relief From Deadline Imposed By Local Rule 23-3, the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice and supporting Exhibits, the Proposed Order, all other pleadings and papers on file in this action, and all further evidence and argument that may be adduced in connection herewith.

DATED:   September 6, 2018              **BRADLEY/GROMBACHER, LLP**

By**:**  /s/   Kiley Lynn Grombacher
Kiley Lynn Grombacher, Esq.
Attorneys for Plaintiff

---

[1] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiff Andrea Ridgell ("Plaintiff") respectfully submits this Memorandum of Points and Authorities in support of her Motion for Relief from the 90-day deadline imposed by United States District Court, Central District of California Local Rule 23-3.  Plaintiff proposes that the Court vacate the present deadline of September 13, 2018, until a date to be set at a time following service of all parties to the action.

Given that defendant Airbus S.A.S. ("Airbus") is a foreign corporation, service must be effectuated through protocols established by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention" or "Hague Convention").[2]  Although Plaintiff promptly initiated such protocols, the process is inherently slow and protracted and Airbus has not yet been served.  As such, discovery on this entity cannot yet be conducted.  It is anticipated that Airbus possess discovery relevant to Plaintiff's motion for class certification, including, information regarding the design and manufacture of the subject aircrafts.  Such information will be relevant to foundational certification factors such as commonality, typicality and predominance.  Such continuance will not unduly delay the litigation as Plaintiff and Frontier have been meeting and conferring about staging the litigation so that potentially dispositive motions may be heard in advance of certification.

Simply, given the complexity of the claims alleged and procedural posture of this litigation, relief from the certification deadline imposed by Local Rule 23-3 is merited.

## II.    STATEMENT OF RELEVANT FACTS

Plaintiff filed this action on June 1, 2018.  (ECF Dkt . No. 1) Accordingly, pursuant to Local Rule 23-3, the deadline for the filing of Plaintiff's motion for class certification was set to fall on September 13, 2018. (Declaration of Kiley Lynn

---

[2] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361.
(footnote continued)

Grombacher ("Grombacher Decl.") at ¶ 6.)[3] Given the filing deadline, Plaintiff has been diligent in her prosecution of this action however, due to circumstances beyond her control all necessary parties have not yet been served and critical pre-certification discovery has not yet been completed.  (Id. at ¶¶ 10-14.)

### A.    Status of Service Upon Defendant Entities

### 1.  Status Regarding Defendant Frontier

Plaintiff served defendant Frontier on or about June 15, 2018.  (Id. at ¶7.) As a professional courtesy to Frontier, Plaintiff stipulated to provide Frontier an additional thirty-nine (39) days in which to file an answer to the complaint. (Grombacher Decl. at ¶ 8; ECF Dkt No. 11.) Defendant Frontier timely filed an answer to the complaint on August 14, 2018. (Grombacher Decl. at ¶ 8; ECF Dkt No. 15).

### 2.  Status Regarding Defendant Airbus Group HQ, Inc.

Plaintiff voluntarily dismissed defendant Airbus Group HQ, Inc., pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on July 16, 2018.  (ECF Dkt No. 14)

### 3.  Status Regarding Defendant Airbus

Moreover, Plaintiff promptly caused the initiating complaint and supporting documents to be translated into French and, promptly began the process of effectuating service on Defendant Airbus through the processes required by Hague Convention. (Grombacher Decl. at ¶¶ 10, 11.) The process request has been confirmed received by the Ministry de la Justice in Paris on July 16, 2018 (Grombacher Decl. ¶ 12.) Unfortunately, at present, service upon Airbus has not been fully effectuated.  (Id. at ¶ 13.)

### B.    Other Scheduling In this Action

No scheduling conference has yet been held in this action.  Other than the certification deadline set by the Local Rule, at present there are no other dates set in this action.  No continuances of the certification deadline have yet been sought.

---

[3] Pursuant to Order of this Court, the deadline was briefly continued to permit Plaintiff to seek relief by this fully noticed motion [ECF Dkt No.; 20].  The current deadline for the filing of Plaintiff's motion for class certification is October , 2018.

On August 16, 2018, this Court issued an order setting a conference for October 1, 2018.  (ECF Dkt No. 17.)  Given the Order and the current 23-3 certification filing deadline the parties participated in a telephonic Rule 26 conference of counsel on August 28, 2018.  (Id.)

### C. Plaintiff and Frontier Have Met and Conferred Regarding the Relief Requested

Plaintiff and Frontier have met and conferred regarding the relief requested. (Grombacher Decl. ¶¶ 18-21.) On August 10, 2018, counsel spoke telephonically regarding the relief requested.  (Id. at ¶ 18.)

### III.   ANALYSIS

#### A.   The Court has Discretion to Modify the Certification Deadline

Central District Local Rule 23-3 provides in pertinent part: "Within 90 days after service of a pleading purporting to commence a class action … the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."  The purpose of Local Rule 23-3 "is to give a clear definition to the parameters of the putative class, to outline the claims involved in the class action and to apprise the defendants of their potential liability ***as soon as practicable***."  *Molina v. Cafe Rio, Inc*., No. ED CV 12-1858-JFW SP, 2013 WL 7174022, at *1 (C.D. Cal. July 12, 2013)(emphasis added)  The Court however, has discretion to lift Local Rule 23-3's requirements where, as here, a Scheduling Order has not yet been issued by the Court.

Indeed, the Ninth Circuit has noted,
> the schedule contemplated by Central District of California Local Rule 23–3, when considered alongside federal rules regarding status conferences and the timing of discovery, is quite unrealistic in light of recent case law regarding the need to establish a sufficient factual record at the class certification stage. See *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011); see also Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, Managing Class Action Litigation: A Pocket Guide for Judges 9 (3d ed. 2010) (noting that local rules calling for specific time limits on class certification should be

ignored as inconsistent with federal rules and obsolete)[4].

Such sentiment echoes the Federal Judicial Center's own 2010 publication, "Managing Class Action Litigation: A Pocket Guide for Judges" (Exhibit A to Request for Judicial Notice filed concurrently with the Motion at page 9), which recognizes that, in light of the 2003 amendments to Rule 23(c)(1), local rules imposing specific time limits for filing class certification motions "appear to be inconsistent with the federal rules and, as such, obsolete."

The 2003 amendment to Federal Rule of Civil Procedure 23(c)(1)(A) changed the requirement that the Court determine whether to certify a class "as soon as practicable after commencement of an action" to "at an early practicable time." Moreover, the official annotations regarding the 2003 amendments to Rule 23(c)(1)(A) (Exhibit B to Request for Judicial Notice filed concurrently with the Motion) state that the former "as soon as practicable" language "neither reflects a prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision." The advisory committee went on to explain in relevant part:

> Time may be needed to gather information necessary to make the certification decision. Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial. In this sense it is appropriate to conduct controlled discovery into the "merits," limited to those aspects relevant to making the certification decision on an informed basis. Active judicial supervision may be required to achieve the most effective balance that expedites an informed certification determination without forcing an artificial and ultimately wasteful division between "certification discovery" and "merits discovery." A critical need is to determine how the case will be tried. An increasing number of courts require a party requesting class certification to present a "trial plan" that describes the issues likely to be presented at trial and tests whether they are susceptible of class-wide proof.

LR 23-3, which was predicated on the prior version of Rule 23(c)(1), has not been revised, in spite of the 2003 amendments to Rule 23(c)(1).

---

[4] *Balser v. Hain Celestial Grp., Inc.*, 640 F. App'x 694, 696 (9th Cir. 2016).

**B. Upon a Showing of Good Cause, The Deadline For Plaintiff To Move For Class Certification Is Appropriately Continued**

Rule 6 of the Federal Rules of Civil Procedure sets forth the foundational principal guiding courts' consideration of any request for additional time: "The district courts may extend many of the time periods set by the Rules." Fed. R. Civ. P. 6(b).[5] Extensions of time are governed by a "good cause" standard pursuant to Rule 6(b).

Courts "generally will find good cause and grant the extension unless the moving party has been negligent, lacked diligence, acted in bad faith, or abused prior extension." 1 Moore's Federal Practice, Section 6.06[2] (2015). The "good cause" standard focuses on the diligence of the party seeking amendment." *Tseng v. Nordstrom, Inc.,* No. CV 11-08471-CAS-MRWx 2012 WL 3019949 at *4 (C.D.Cal. July 23, 2012)(quoting *Coleman v. Quaker Oats Co.,* 232 F.2d 1271, 1294 (9th Cir. 2000).) Courts considering motions seeking extensions of time to file class certification motions have noted that "the fact that discovery is in the early stages" supports extensions. *Clark v. Sprint Spectrum L.P.,* No. CV 10-9702-CAS-SSx, 2011 WL 835487 at *2 (C.D.Cal. Mar. 7, 2011).

Here, Plaintiff seeks relief from the local rule mandating that class certification motions be filed and served within 90 days of any class action's commencement. Plaintiff has filed her Application before the original time or its extension expires and thus, the "good cause" standard applies.

Plaintiff's need to effectuate service on a foreign defendant and take discovery essential to substantiating the Class Certification Motion constitutes the good cause.

---

[5] The Rules expressly authorize the district courts' promulgation of "local rules," which are "laws of the United States" and enforceable so long as they are consistent with the Rules. See Fed. R. Civ. P. 83. It is specifically contemplated that local rules (and, by implication, "local local" rules) will contribute specificity where the Rules are more general. Compare Rule 23 (mandating that certification motions be made "at an early practical time") with LR 23-3 ("Within 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 et seq., the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."). Accordingly, the Court is empowered to alter the deadline for filing class certification papers to accommodate the specific needs of the case.

Notice of Motion And Motion For Relief From Deadline Imposed By Local Rule 23-3

While certain causes of action are amenable to motions for class certification without the need for discovery, where discovery is required, and particularly where that discovery must be conducted from a foreign entity, it is impossible to fit it within the 90-day period mandated by Local Rules 23-3.

1. **The Requirement that Plaintiff Effectuate Service Upon Defendant Airbus Through The Hague Has Delayed the Litigation**

Rule 4(h) of the Federal Rules of Civil Procedure provides three methods for service of process on foreign corporations. First, under Rule 4(h)(1)(A), a plaintiff may execute service in compliance with state law. Fed. R. Civ. P. 4(h)(1)(A)[6]. Second, under Rule 4(h)(1)(B), a plaintiff may serve a foreign corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Third, a plaintiff may serve a foreign corporation through the procedures authorized by the Hague Convention. Fed. R. Civ. P. 4(h)(2). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

Service on a foreign defendant is a cumbersome process. In this case, Plaintiff had to initiate service under the processes set forth in the Hague Convention). As a default rule, litigants serving in such fashion can expect service through the Central Authority to take at least six months[7].   In July 2008, the Permanent Bureau, the secretariat of the Hague Conference, distributed a questionnaire to Hague Service Convention States to evaluate how the Convention was functioning and to identify

---

[6] In California, service may be effectuated by personal delivery of process to, *inter alia*, "a general manager" of the corporation. Cal. Civ. Proc. Code § 416.10(b); Cal. Corp. Code § 2110.

[7] Charles Routh, Dispute Resolution--Representing the Foreign Client in Arbitration and Litigation, in Going International: Fundamentals of International Business Transactions 483, 491 (2004). (footnote continued)

Notice of Motion And Motion For Relief From Deadline Imposed By Local Rule 23-3

concerns[8].

Although two-thirds of service requests were completed within two months, the Permanent Bureau uncovered an alarming trend, 18.3% of requests took 12 months or more to be issued with a certificate.  Indeed, 120-day time limit for effecting service of process under Fed.R.Civ.P. 4(m) does not apply to the service of process upon defendants located in foreign countries. See Fed.R.Civ.P. 4(m) ("This subdivision (m) does not apply to service in a foreign country...").

Simply, delays in service have frustrated Plaintiff's ability to comply with the deadline set forth in Local Rule 23-3.

## 2. Discovery Is Necessary to Prepare a Motion for Class Certification

Across all circuits, the general rule is that both additional time to take discovery necessary to support a class certification motion and additional time that does not work a prejudice to the non-movant are permissible grounds for a late class certification filing, without any prior request for more time. See, e.g., *Probe v. State Teachers' Retirement Sys.*, 780 F.2d 776 (9th Cir. 1996) (where no prejudice to non-movant shown, timing of class certification motion not appropriate basis for denial of certification); *Gray v. Greyhound Lines, East, 545 F.2d 169, 172, n.11* (D.C. Cir. 1976) (district court directed to reconsider on remand denial of class certification based solely on delay in bringing certification motion); *Stolz v. United Broth. of Carpenters and Joiners of Am.*, Local Union No. 971, 620 F. Supp. 396 (D. Nev. 1985) (delay alone in filing class certification motion not proper basis for denial of class certification); *Griffin v. Nat. Pub. Radio*, 1977 WL15507 (D. D.C. 1977) (violation of local rule prescribing time within which class certification motion must be filed not a permissible ground for dismissal of class allegations absent a showing of prejudice to defendant). F.2d 1362, 1366 (1st Cir. 1972) ("To pronounce finally, prior to allowing any discovery, the non-

---

[8]  Permanent Bureau, Hague Conference on Private Int'l Law, Summary of Responses to the Questionnaire of July 2008 Relating to the Service Convention, with Analytical Comments 10 (2009), http:// www.hcch.net/upload/wop/2008pd14e.pdf,

existence of a class or set of subclasses, when their existence may depend on information wholly within defendants' ken, seems precipitate and contrary to the pragmatic spirit of Rule 23.").

Under Rule 26(f), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Accordingly, Plaintiff is precluded from seeking any discovery from Airbus, yet such discovery will be critical to the preparation of her motion for class certification.  Plaintiff claims, *inter alia*, that the design of Airbus' aircrafts is defective.  Such claim requires discovery as to the aircrafts' design and manufacture in order to make a proper showing to meet Fed.R.Civ.P. 23's commonality and typicality requirements.

## IV.   CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests the Court issue an Order relieving Plaintiff of the 90-day deadline pursuant to LR 23-3 and extending the time for the filing of Plaintiff's motion for Certification until a date determined after service upon Airbus has been effectuated.


DATED:   September 6, 2018          **BRADLEY/GROMBACHER, LLP**


                                        By**:**  /s/   Kiley Lynn Grombacher
                                            Kiley Lynn Grombacher, Esq.
                                            Attorneys for Plaintiff

Notice of Motion And Motion For Relief From Deadline Imposed By Local Rule 23-3