**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:(805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@ bradleygrombacher.com

**ROTHSCHILD & ASSOCIATES, APC**
Kristi D. Rothschild, Esq. (SBN 222727)
Julian Alwill, Esq. (SBN 259416)
27 W. Anapamu Street, Suite 289
Santa Barbara, California   93101
Telephone:(805) 845-1190
Facsimile: (805) 456-0132
krothschild@kdrlawgroup.com
jalwill@kdrlawgroup.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA RIDGELL, on behalf of herself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC. a Colorado corporation; AIRBUS S.A.S., a foreign corporation doing business in the State of California; AIRBUS GROUP HQ INC., a corporation doing business in the State of California<br>Defendants. | **CASE NO. CV 18-4916 PA (AFMx)**<br><br>**JOINT REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f), LOCAL RULE 26-1, AND THE COURT'S SCHEDULING ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's Order Scheduling Meeting of Counsel [ECF. No. 17], plaintiff Andrea Ridgell ("Plaintiff") and defendant Frontier Airlines, Inc. ("Frontier") (collectively the "Parties")[1] have met and conferred and hereby submit the following joint rule 26(f) report.

## I.      NATURE AND BASIS OF THE CLAIMS AND DEFENSES (Rule 26(f))

Plaintiff brings this putative class action on the basis of alleged "fume" events, which occur when the air inside the passenger cabin of an aircraft becomes contaminated with pyrolised compounds such as engine oil, de-icing or hydraulic fluid. Plaintiff alleges that such events are the result of an allegedly defective design and manufacture of Frontier Airline's fleet of Airbus aircrafts.  Specifically, Plaintiff alleges that Defendants have repeatedly experienced fume events yet have failed to eliminate the traditional pneumatic system and bleed manifold systems which cause such events and instead adopt a no-bleed system whereby electrically driven compressors provide the cabin pressurization function, with fresh air brought onboard via dedicated cabin air inlets.   Moreover, Plaintiff challenges Frontier's policies and practices, alleging that Defendants have failed to warn consumers about the dangers of the "bleed" air system and have failed to implement proper protocols in the event of such incidents, thereby causing damage to Plaintiff and other passengers in the form of personal injury and lost money.

Plaintiff seeks to proceed in her own capacity and on behalf of two classes of other Frontier passengers defined as:

/ /

---

[1] Defendant Airbus S.A.S. ("Airbus") is a foreign corporation and thus service must be effectuated on this defendant through protocols established by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention" or "Hague Convention").  Although Plaintiff began such process in July, service on Airbus has not yet been effectuated.

**Nationwide Class**

All persons in the United States who have flown in one of Defendants' aircraft that have experienced a bleed air event.  Specifically excluded from this Class are Defendants, the officers, directors, or employees of Defendants, any entity in which Defendants have a controlling interest; and any affiliate, legal representative, heir, or assign of Defendants. Also excluded any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

**Flight 1630 Class**

All passengers in the United States who were on Frontier Airlines Flight 1630 on June 2, 2017.

Plaintiff alleges the following causes of action on behalf of some or all of the members of the classes outlined above: (1) strict products liability; (2) breach of warranties; (3) negligence; (4) false imprisonment; (5) negligent infliction of emotional distress.

Frontier denies liability and maintains that class certification is not appropriate. It is Frontier's position that it cannot be sued for operating aircraft that are certified and deemed airworthy by the US Federal Aviation Administration ("FAA") and/or other duly authorized regulatory bodies, nor can it be held liable for said aircraft using a "bleed air" system which is widely used throughout the world and deemed safe by the FAA and all applicable regulatory bodies.  Frontier further submits that there is no scientifically-accepted basis for finding that the fume events set forth in the complaint caused or contributed to the injuries allegedly sustained by Plaintiff as an individual or any other member of the purported class.   Further, even if an injury was sustained for which Frontier could potentially be held liable, there is no basis under applicable law to render any such injury sufficiently similar and common to an injury suffered by any other person so as to warrant class certification.

## II.   STATUS OF SERVICE

### A. Status Regarding Defendant Frontier

Plaintiff served defendant Frontier on or about June 15, 2018.   Defendant Frontier timely filed an answer to the complaint on August 14, 2018. (ECF Dkt No. 15).

### B. Status Regarding Defendant Airbus Group HQ, Inc.

Plaintiff voluntarily dismissed defendant Airbus Group HQ, Inc., pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) on July 16, 2018.  (ECF Dkt No. 14)

### C. Status Regarding Defendant Airbus

Plaintiff promptly caused the initiating complaint and supporting documents to be translated into French and, promptly began the process of effectuating service on Defendant Airbus S.A.S. ("Airbus") through the processes required by Hague Convention.  The process request has been confirmed received by the Ministry de la Justice in Paris on July 16, 2018. At present, service upon Airbus has not been fully effectuated.

## III.   LAW AND MOTION MATTERS

The Parties anticipate the following dispositive motions: motion for summary judgment and/or summary adjudication (Plaintiff and Defendants); and motion for class certification (Plaintiff).

Given the status of service on Airbus, the Parties have conferred and propose staging the litigation such that certain potentially dispositive motions are heard in advance of the motion for class certification.  Specifically, Frontier intends to bring a motion for summary judgment and/or summary adjudication on the following issues: (1) Plaintiff's liability claims must be governed by federal law which, pursuant to federal statutes and numerous holdings of the district, appellate and Supreme Court of the United States, pre-empts and exclusively regulates the standards for the design, maintenance and operation of aircraft engaged in interstate and/or international air

transportation; (2) application of the foregoing standard requires dismissal because there is no basis to claim or establish that Frontier's aircraft breached the applicable federal standards; and (3) Plaintiff cannot establish that fume events set forth in the complaint caused or contributed to any of the class or individual injuries alleged in the complaint because there is no scientifically-accepted basis for such an assertion.

To the extent that it would not be in violation of the Transportation Security Administration's prohibition on disclosure of sensitive security information, the Parties will engage in limited discovery as to these issues and propose the following briefing schedule for Frontier's motion for summary judgment/adjudication:

| Event | Deadline |
|---|---|
| Filing of Frontier's Motion for Summary Judgment/Adjudication | February 11, 2019 |
| Filing of Opposition to Frontier's Motion for Summary Judgment/Adjudication | April 1, 2019 |
| Filing of Reply in Support of Frontier's Motion for Summary Judgment/Adjudication | May 6, 2019 |

The Parties propose that the Court vacate the present date for Plaintiff's motion for class certification and set a briefing schedule for such motion following the Court's disposition of Frontier's motion for summary judgment and service upon defendant Airbus.  In the alternative, the Parties propose the following schedule for Plaintiff's motion for class certification:

4427129

| Event | Deadline |
|---|---|
| Filing of Plaintiff's Motion for Class Certification | August 26, 2019 |
| Filing of Opposition to Frontier's Motion for Summary Judgment/Adjudication | October 7, 2019 |
| Filing of Reply in Support of Frontier's Motion for Summary Judgment/Adjudication | November 4, 2019 |

The Parties submit that any dispositive motion cut-off should be set after Airbus has appeared in this action.  Should the Court wish to set a date, the Parties propose a deadline of one hundred (100) days after issuance of the Court's Order on Plaintiff's motion for class certification.

**IV.   DISCOVERY PLAN (RULE 26(F))**

    **A.   Initial Disclosures Per Rule 26(a)**

The Parties will exchange Initial Disclosures in a timely manner in accordance with the applicable rules and/or court order.

    **B.   Phasing of Discovery**

The Parties propose to stage discovery so that the initial rounds are focused upon issues related to Frontier's motion for summary judgment and/or summary adjudication.  However, the Parties do not believe that it is appropriate to formally bifurcate discovery.

/ /

/ /

/ /

## C.     Topics of Discovery

In general, the Parties anticipate engaging in written discovery (requests for production, interrogatories, requests for admission) and taking depositions of individuals and entities disclosed in initial disclosures, additional percipient witnesses identified through discovery, and expert witnesses disclosed pursuant to Rule 26(a)(2).   The Parties provide a brief statement of topics they believe are relevant below.

### 1. Plaintiff's Statement

Plaintiff intends to seek discovery regarding, among other things: (i) the number of fume events that occurred during the class period; (ii) the amount of revenue derived by Defendants from the sales of tickets;   (iii) the design and manufacture of the subject aircrafts; (iv) Frontier's procedures and protocols regarding fume events; (v) the plane manifest for Plaintiff's flight; (vi) Frontier's policies and procedures regarding quarantining of passengers in airport terminals; (vii) customer complaints regarding fume events; and (viii) experts and evidence on which Defendants rely.

### 2.     Frontier's Statement:

Frontier intends to seek discovery regarding the incident(s) alleged in the complaint and the nature and extent of the injuries and damages allegedly sustained by Plaintiff and the proposed classes.  It is Frontier's position that the proposed classes cannot be certified and that, even if the classes are certified, there is no scientifically-accepted basis for finding that an alleged fume event causes injury or illness.  It is also Frontier's position that Plaintiff's claims, and those of the proposed classes, are pre-empted by federal law, which governs the design, maintenance and operation of aircraft.

With respect to Plaintiff's intent to seek the plane manifest for her flight, Frontier anticipates objecting on the grounds that it violates the right to privacy of

individuals who are not parties to this action.  Additionally, any discovery sought by Plaintiff relating to operation of aircraft and/or airport operations may include sensitive security information, disclosure of which may be precluded by 49 CFR § 1520 *et seq.*.

### D.      Preservation of Discoverable Information

The Parties are aware of their duties regarding the preservation of discoverable information, and agree to take reasonable measures to comply with those duties as required by the Federal Rules of Civil Procedure and Local Rules.

The Parties further agree that they will conduct a reasonable search for and gather reasonably available active electronically stored information ("ESI") on subjects specified in any Rule 34 request, unless an objection to the Rule 34 request is made.  The Parties agree to take reasonable measures to preserve reasonably available ESI.  The Parties will not take measures permanently to erase or scrub hardware of already deleted files, unless such measures are a result of routine, good faith operation of an electronic information system or unless taken in good faith to maintain the party's information technology system.  To the extent that ESI is produced it shall be produced in native format, except that documents consisting solely of text and/or still images may be produced in TIFF format with sequential Bates numbers on each page.

### E.      Confidentiality and Privilege Issues

The Parties recognize that a protective order will be required in order to safeguard confidential information and, should the action become at issue and discovery commence, will submit a proposed protective order for the Court's approval.  To the extent a discovery request calls for privileged information, the parties will meet and confer regarding a mutually agreeable date to exchange privilege logs.

/ /

/ /

### F.     Discovery Cut Off

The Parties propose that no discovery cut-off be set until defendant Airbus has been served in this action.  Should the Court wish to set a date, the Parties propose a deadline of one hundred and eighty (180) days after issuance of the Court's Order on Plaintiff's motion for class certification.  The parties agree to abide by the deadlines provided in Rule 26(a)(2) for expert disclosures.

## V.     SETTLEMENT AND ADR

Presently, the Parties have not yet engaged in efforts to settle or resolve the case and believe such efforts are premature at this point in time.  The Parties are open to exploring the possibility of settlement at a later time after some discovery has been conducted.  Should the Parties decide to explore settlement, the Parties have agreed to participate in private dispute resolution pursuant to Settlement Procedure No. 3, set forth in L.R. 16-15.4.

## VI.    TRIAL AND PRETRIAL DATES

Plaintiff has demanded a jury trial on all issues so triable.  The scope and estimated length of the trial will principally depend on this Court's disposition of class certification and any dispositive motions that the Parties may file.  At a minimum, the Parties anticipate bifurcating the trial as to Plaintiff's punitive damage claim.  Thus, it is difficult for the parties to provide meaningful estimates regarding the length of any trial.

The Parties suggest that the court set another scheduling conference after ruling on Plaintiff's motion for class certification, to set a trial date.  If the Court prefers to set a tentative trial date now, the parties propose that this matter be set for trial approximately August of 2020.  Depending upon the scope of the class, if any, certified by the court and the rulings by the Court, if any, on dispositive motions filed prior to trial, the parties anticipate a trial of four to five weeks in length.  If the matter

4427129

**Joint Rule 26 Report**

proceeds on an individual basis, the Parties anticipate a trial of approximately five to seven days.

## VII.   ADDITIONAL PARTIES TO BE ADDED

At present, the Parties do not anticipate the addition of any additional parties.

## VIII.  BIFURCATION, SEVERANCE OR OTHER ORDERING PROOF

At present, the Parties do not suggest bifurcation of the action; however, they reserve the right to revisit this issue as the scope of the action may change.

## IX.   SYNOPSIS OF THE PRINCIPAL LEGAL ISSUES

The Parties identify the following potential legal issues:

(a)     Whether Plaintiff's claims are amenable to class action treatment, and in particular, (1) whether the membership of the class is ascertainable; (2) whether the class is sufficiently numerous, (3) whether common issues of fact and/or law exist, (4) whether Plaintiff is typical of the members of the putative class; (5) whether Plaintiff and her counsel will adequately represent the putative  class; (6) whether common issues predominate over individual issues; and (7) whether class treatment is superior to other forms of adjudication;

(b)     Whether Plaintiff and the individual members of the proposed class have suffered a legal injury and damages and, if so, are entitled to relief and, if so, what type(s) of relief;

(c)     Whether Plaintiff's claims are barred, in whole or in part, by one or more of Defendant's affirmative defenses;

(d)     Whether there is any scientifically-accepted basis for finding that the types of injury and/or damages alleged by Plaintiff and/or the proposed classes are caused by alleged fume events; and

(e)     Whether federal law pre-empts the claims of Plaintiff and/or the proposed classes.

4427129

**Joint Rule 26 Report**

## X.  AMENDMENT OF PLEADINGS

Plaintiff is not presently contemplating amendment of her pleadings; however, she reserves the right to do so after conferring with Airbus.

## XI.  STATEMENT OF ISSUES TO BE DETERMINED BY MOTION

Plaintiff anticipates that some of the legal issues will be determined by Plaintiff's motion for class certification.  Presently, Plaintiff does not believe that other issues identified can be determined by motion practice.  Plaintiff reserves her right to bring a motion for summary judgment, depending on the outcome of discovery.

As stated above, Defendants believe that a motion for partial or total summary judgment may be appropriate as to the following issues: (1) Plaintiff's liability claims must be governed by federal law which, pursuant to federal statutes and numerous holdings of the district, appellate and Supreme Court of the United States, pre-empts and exclusively regulates the standards for the design, maintenance and operation of aircraft engaged in interstate and/or international air transportation; (2) application of the foregoing standard requires dismissal because there is no basis to claim or establish that Frontier's aircraft breached the applicable federal standards; and (3) Plaintiff cannot establish that fume events set forth in the complaint caused or contributed to any of the class or individual injuries alleged in the complaint because there is no scientifically-accepted basis for such an assertion.

## XII.  ISSUES AFFECTING THE STATUS OR MANAGEMENT OF THE CASE

As noted above, Airbus has not yet been served.  Plaintiff submits that without discovery from Airbus she cannot properly prepare her motion for class certification as Airbus is the sole party in possession of critical information regarding the design and manufacture of the subject aircrafts.  Plaintiff submits that such information will

be relevant to foundational certification factors such as commonality, typicality and predominance.

It is Frontier's position that, given the number of parties and legal questions involved, this case is complex and the Manual for Complex Litigation may serve as a useful procedural guide.  Plaintiff's claims are pre-empted by federal law, which governs the design, maintenance and operation of aircraft in the United States.  It is also Frontier's position that there is no scientifically-accepted basis for finding that an alleged fume event causes any alleged injury or illness.  Accordingly, and pursuant to Section 21.11 of the Manual for Complex Litigation, it is Frontier's position that this litigation should initially be focused on issues of causation and federal pre-emption, as these are threshold dispositive issues.

DATED:   September 17, 2018          **BRADLEY/GROMBACHER, LLP**


By**:**   /s/Kiley Lynn Grombacher
         Marcus J. Bradley, Esq.
         Kiley Lynn Grombacher, Esq.
         Attorneys for Plaintiff

DATED:   September 17, 2018          **CLYDE & CO US, LLP**


By**:**   /s/ Natasha N. Mikha
         Kevin R. Sutherland, Esq.
         Natasha N. Mikha, Esq.
         Attorneys for Frontier Airlines, Inc.

4427129

12

**Joint Rule 26 Report**