UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | October 1, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

Before the Court is a Class Action Complaint filed by plaintiff Andrea Ridgell ("Plaintiff") on behalf of herself and on behalf of two putative classes against defendants Frontier Airlines, Inc. ("Frontier") and Airbus S.A.S. ("Airbus"). At the scheduling conference, the Court inquired about the basis for the Court's subject matter jurisdiction. Plaintiff's counsel stated that the Court possessed diversity jurisdiction under both 28 U.S.C. § 1332(a) and under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The party asserting jurisdiction bears the burden of proof. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857–58 (9th Cir. 2001). "[A] plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case . . . ." Smith v. McCullough, 270 U.S. 456, 459, 46 S. Ct. 338, 339, 70 L. Ed. 682 (1926).

Subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a) requires all plaintiffs to have different citizenship from all defendants. See 28 U.S.C. § 1332(a); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish diversity jurisdiction pursuant to CAFA, the party asserting jurisdiction must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states. See 28 U.S.C. § 1332(d); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 680, 685 (9th Cir. 2006). These basic jurisdictional requirements must appear on the face of the pleading. See Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ."); Local Rule 8-1 ("The statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking the Court's jurisdiction."); Rockwell Int'l Credit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | October 1, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

Corp. v. U.S. Aircraft Ins. Group, 823 F.2d 302, 304 (9th Cir. 1987) (noting that neither the removal petition nor the record indicated diversity of the parties), overruled on other grounds by Partington v. Gedan, 923 F.2d 686 (9th Cir. 1991).

To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d at 857. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Id. Moreover, a plaintiff asserting jurisdiction under 28 U.S.C. § 1332(a) must demonstrate that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). A plaintiff asserting jurisdiction under CAFA must demonstrate that the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

A review of the Complaint establishes that Plaintiff has not properly alleged any basis for the Court's jurisdiction. Specifically, the Complaint does not reference either § 1332(a) or § 1332(d). Nor does the Complaint allege any facts establishing the amount in controversy under either § 1332(a) or § 1332(d). Additionally, even if the Complaint has alleged facts establishing "minimal diversity" for purposes of CAFA, the Complaint does not allege facts that would satisfy the complete diversity requirement for purposes of § 1332(a) because the Complaint has not alleged the citizenship of each member of the proposed Nationwide and Flight 1630 classes and that those class members are all diverse from Defendants.

The inadequacy of the Complaint's jurisdictional allegations is compounded by certain statements made by Plaintiff's counsel at the scheduling conference. Specifically, Plaintiff's counsel represented that only the named plaintiff is seeking damages for personal injury, and that the class members are only seeking economic damages to recover the cost of the ticket each class member purchased. The Complaint does not make this clear. Nor does it allege if this amount satisfies the amount in controversy requirement under either § 1332(a) or § 1332(d). Indeed, this measure of class economic damages appears problematic because there is no indication that the passengers did not eventually arrive at their ticketed destination or otherwise receive what they were entitled to under the contract of carriage they had with either Frontier or the other airlines that may have operated flights falling within the definition of the Nationwide class.

Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. A district court may, and should, grant leave to amend when it appears that subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | October 1, 2018 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction. See 28 U.S.C. § 1653; Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1555 (9th Cir. 1987). Therefore, the Court grants Plaintiff leave to amend to attempt to establish federal subject matter jurisdiction. Plaintiff's First Amended Complaint, if any, is to be filed and served no later than October 15, 2018. The failure to timely file a First Amended Complaint in response to this Order will result in the dismissal of this action without prejudice.

    IT IS SO ORDERED.