**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:   (805) 270-7100
Facsimile:    (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@ bradleygrombacher.com
temerson@bradleygrombacher.com

**ROTHSCHILD & ALWILL, APC**
Kristi D. Rothschild, Esq. (SBN 222727)
Julian Alwill, Esq. (SBN 259416)
27 W. Anapamu Street, Suite 289
Santa Barbara, California   93101
Telephone:   (805) 845-1190
Facsimile:    (805) 456-0132
krothschild@kdrlawgroup.com
jalwill@kdrlawgroup.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA RIDGELL, on behalf of herself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC. a Colorado corporation; AIRBUS S.A.S., a foreign corporation doing business in the State of California; AIRBUS GROUP HQ INC., a corporation doing business in the State of California<br>Defendants. | Case No.: 2:18-CV-04916 PA (AFMx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION**<br><br>**DATE:  11/19/18**<br>**TIME:  1:30 p.m.**<br>**DEPT:  9A** |

**TO THE HONORABLE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 19, 2018 at 1:30 p.m. before the Honorable Percy Anderson, in Courtroom  9A of the United States District Court located at  350 West 1st Street, Los Angeles, California, 90012, plaintiff, Andrea Ridgell ("Plaintiff") shall and does move this Court for entry of an Order pursuant to Federal Rule of Civil Procedure 23 (b)(3) certifying proposed classes; appointing Plaintiff's attorneys to serve as class counsel under Rule 23(g); and directing notice to class members under Rule 23(c).

The Motion is made on the accompanying Memorandum of Points and Authorities, the Proposed Order, all other pleadings and papers on file in this action, and all further evidence and argument that may be adduced in connection herewith.

DATED:   October 22, 2018                          **BRADLEY/GROMBACHER, LLP**


By**:**   /s/   Marcus J. Bradley
          Marcus J. Bradley, Esq.
          Attorneys for Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Andrea Ridgell ("Plaintiff") respectfully submits this Memorandum of Points and Authorities in support of her Motion for Class Certification.

This case arises from "fume" events which occur as the result of the defective design and manufacture of Frontier Airline's fleet of Airbus aircrafts.  Fume events occur when the air inside the passenger cabin of an aircraft becomes contaminated with pyrolised compounds such as engine oil, de-icing or hydraulic fluid. Such events are caused by the "bleed" air system used in Defendants' aircrafts which draws pre-heated compressed air from the engine and pumps this air straight into the cabin after being cooled. Defendants have repeatedly experienced fume events yet have failed to eliminate the traditional pneumatic system and bleed manifold and instead adopt a no-bleed system whereby electrically driven compressors provide the cabin pressurization function, with fresh air brought onboard via dedicated cabin air inlets. Moreover, Defendants have failed to warn consumers about the dangers of the "bleed" air system.

Such system has caused damage to Plaintiff and other passengers in the form of personal injury and lost money.

Plaintiff alleges the following causes of action on behalf of some or all of the members of the classes outlined above: (1) strict products liability; (2) breach of warranties; (3) negligence; (4) false imprisonment; (5) negligent infliction of emotional distress.

Plaintiff seeks to represent in her own capacity and on behalf of two classes of other Frontier passengers defined as:

**Nationwide Class**
All persons in the United States who have flown in one of Defendants' aircraft that have experienced a bleed air event.  Specifically excluded from this Class are Defendants, the officers, directors, or employees of Defendants, any entity in which Defendants have a controlling interest; and any affiliate, legal representative, heir, or assign of Defendants.  Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

1
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION

**Flight 1630 Class**

All passengers in the United States who were on Frontier Airlines Flight 1630 on June 2, 2017.

## II.   STATEMENT OF RELEVANT FACTS

### 1.   Status of Filing and Service

At present, the pleadings are not settled as to all defendants.  Plaintiff filed this action on June 1, 2018. (ECF Dkt . No. 1) Plaintiff served defendant Frontier on or about June 15, 2018. (Id. at ¶ 7.) As a professional courtesy to Frontier, Plaintiff stipulated to provide Frontier an additional thirty-nine (39) days in which to file an answer to the complaint. (Grombacher Decl. at ¶ 8 ECF Dkt No. 11.) Defendant Frontier timely filed an answer to the complaint on August 14, 2018. (Grombacher Decl. at ¶ 8; ECF Dkt No. 15).

Pursuant to Court Order, Plaintiff filed a first amended complaint on October 5, 2018 to clarify jurisdiction.  (ECF Dkt No. 33.)  Frontier filed an answer to the complaint on October 19, 2018. (ECF Dkt No. 37.)

Plaintiff promptly caused the initiating complaint and supporting documents to be translated into French and, promptly began the process of effectuating service on Defendant Airbus through the processes required by Hague Convention. (Grombacher Decl. at ¶ 12.) The process request has been confirmed received by the Ministry de la Justice in Paris on July 16, 2018 (Grombacher Decl. ¶ 13.) Unfortunately, at present, service upon Airbus has not been fully effectuated. (Id. at ¶ 14.)

### 2.   LR 23-3 Deadline

Pursuant to Local Rule 23-3, the deadline for the filing of Plaintiff's motion for class certification was set to fall on September 13, 2018.  On August 28, 2018, after meeting and conferring with counsel for Defendant, Plaintiff filed an unopposed ex parte application to vacate this date.  [ECF Dkt. No. 18.)   Pursuant to Order of this Court, the ex parte application was denied; however, the certification deadline was briefly continued to permit Plaintiff to seek relief by fully noticed motion [ECF Dkt No.; 20].

Plaintiff filed a formal motion to continue the class certification filing deadline on September 6, 2018.  Frontier filed a Notice of Non-Opposition on September 20, 2018. ECF Dkt. No.24.) The motion was on for hearing before the Court on October 1, 2018 and was denied (ECF Dkt No. 30.) thereby requiring the filing of the present motion.

## III.   Legal Standard

"Class actions have two primary purposes: (1) to accomplish judicial economy by avoiding multiple suits, and (2) to protect rights of persons who might not be able to present claims on an individual basis." *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 647 (C.D.Cal.1996) (citing *Crown, Cork & Seal Co. v. Parking*, 462 U.S. 345 (1983)). Federal Rule of Civil Procedure 23 governs class actions. A class action "may be certified if the trial court is satisfied after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982).

To certify a class action, plaintiffs must set forth facts that provide prima facie support for the four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. ——, ——, 131 S.Ct. 2541, 2548 (2011); *Dunleavy v. Nadler (In re Mego Fir. Corp. Sec. Litig.)*, 213 F.3d 454, 462 (9th Cir.2000). These requirements effectively "limit the class claims to those fairly encompassed by the named plaintiff's claims." *Falcon*, 457 U.S. at 155 (quoting *Califano v. Yamasaki*, 442, U.S. 682, 701 (1979)).

If the Court finds that the action meets the prerequisites of Rule 23(a), the Court must then consider whether the class is maintainable under Rule 23(b). *Dukes*, 131 S.Ct. at 2548. Rule 23(b)(3) governs cases where monetary relief is the predominant form of relief sought, as is the case here. A class is maintainable under Rule 23(b)(3) where "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and where "a class action is superior to other available methods for fair and efficient adjudication of the controversy."

3

Fed.R.Civ.P. 23(b)(3). "The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir.1998) (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997)). The predominance inquiry measures the relative weight of the common to individualized claims. Id. "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir.2001) (citing *Valentino v. Carter–Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir.1996)). In determining superiority, the court must consider the four factors of Rule 23(b)(3): (1) the interests members in the class have in individually controlling the prosecution or defense of the separate actions; (2) the extent and nature of any litigations concerning the controversy already commenced by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the difficulties likely encountered in the management of a class action. Id. at 1190–1993. "If the main issues in a case require the separate adjudication of each class member's individual claim or defense, a Rule 23(b)(3) action would be inappropriate." Id. (citing 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1778 at 535–39 (2d.3d.1986)).

More than a pleading standard, Rule 23 requires the party seeking class certification to "affirmatively demonstrate ... compliance with the rule—that is he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Dukes*, 131 S.Ct. at 2551. This requires a district court to conduct "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's underlying claim." Id. Nevertheless, "neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class." *Blackie v. Barrack*, 542 F.2d 891, 901 (9th Cir. 1975).

## IV.   ANALYSIS

### A.   Plaintiff Should be Afforded the Opportunity to Conduct Discovery Prior to Certification

Prior to a Rule 23 Motion seeking class certification, the parties are entitled to conduct discovery in order to provide the court with evidence to either support or refute the requested certification. See *Vinole*, 571 F.3d 935 at 942. However, based on the information above, the court concludes that plaintiffs have not been given the opportunity to engage in the necessary class discovery. See *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975) ("The propriety of a class action cannot be determined in some cases without discovery.")

Indeed, the Ninth Circuit recently concluded that the bright-line of Local Rule 23-3 is incompatible with Federal Rule of Civil Procedure 23." *ABS Entm't, Inc. v. CBS Corp.*, 900 F.3d 1113, 1140 (9th Cir. 2018).  As the ABS Court explained, "Local Rules cannot be incompatible with Federal Rules. Fed. R. Civ. P. 83(a)(1)":

> Central District of California Local Rule 23-3 sets a strict 90-day time frame from the filing of a complaint to the motion for class action certification. This bright line rule is in direct contrast to the flexibility of the Federal Rule, which calls for a determination on class certification "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). That flexible approach makes sense. The class action determination can only be decided after the district court undertakes a "rigorous analysis" of the prerequisites for certification. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51, 131 S.Ct. 2541, 180 L.Ed.2d 374 (2011) (quoting *Gen. Tele. Co. of SW v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) ). To undertake that analysis may require discovery. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir.1975) ("The propriety of a class action cannot be determined in some cases without discovery;" "To deny discovery in [such cases] would be an abuse of discretion."). See Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, Managing Class Action Litigation: A Pocket Guide for Judges 9 (3d ed. 2010) ("Considering [Fed. R. Civ. P. 23(c)(1) ], you should feel free to ignore local rules calling for specific time limits; such local rules appear to be inconsistent with the federal rules and, as such, obsolete."); Federal Judicial Center, Manual for Complex Litigation, Fourth § 21.133 ("Some local rules specify a short period within which the plaintiff must file a motion to certify a class action. Such rules, however, may be inconsistent with Rule 23(c)(1)(A)'s emphasis on the parties' obligation to present the court with sufficient information to

5

support an informed decision on certification. Parties need sufficient time to develop an adequate record.")

Given Plaintiff's burden at certification, she should be entitled to discovery.  Yet the Court has denied such opportunity even as to the most basic Rule 23 requirements (i.e. numerosity).  Plaintiff anticipates that she will require the following discovery to prepare her motion:

| General Category of Discovery | Relevancy to Claim in Litigation | Relevancy to Rule 23 Factor |
|---|---|---|
| Flight Manifest | False Imprisonment; Strict Liability, Failure to Warn | Numerosity; typicality, commonality predominance[1] |
| Aircrafts in Frontier's Fleet (including any modifications or maintenance issues) | Strict Liability; Failure to Warn | Commonality, typicality, predominance |
| Internal Reports regarding the subject flight | Strict Liability; Failure to Warn | Commonality, typicality, predominance |
| Aircraft design specs | Strict Liability; Failure to Warn | Commonality, typicality, predominance |
| Policies and procedures regarding fume events and terminal confinements | False Imprisonment; Failure to Warn | Commonality, typicality, predominance |
| Facts surrounding the "quarantining" of passengers of the subject flight and reparations made by the airline to passengers as a result of the incident | False Imprisonment | Numerosity, Commonality, typicality, predominance |

**B.   The Requirements for Certification Under Federal Rule of Civil Procedure 23 Are Satisfied**

**a.   Numerosity**

Rule 23(a)(1) requires the class to be so numerous that joinder of individual class members is impracticable. See Fed.R.Civ.P. 23(a)(1). Here, the proposed classes are

---

[1] See e.g. *Wallman v. Tower Air, Inc.,* 189 F.R.D. 566, 568–69 (N.D. Cal. 1999) where plaintiff sought the passenger list in a putative class action so he could contact the passengers as potential witnesses or plaintiffs and "possibly enhance the odds in favor of class certification by proving typicality and numerosity, for example. Plaintiff wishes to investigate whether other passengers had similar experiences to Plaintiff and observed the same actions by Defendant's employees.  This information would tend to show the degree of typicality of Plaintiff as compared with other passengers, which would also be relevant to certification of a plaintiff class."

sufficiently numerous.   Here, the members of the class can be ascertained from Frontier's business records.   While the plaintiff does not have formal discovery, Frontier operates hundreds of flights each day and thus it is clear that the number of class members can easily extend into the thousands.   As to the sub-class, Plaintiff estimates that there were at least 200 individuals on her flight.

### b.   Commonality

"Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury ... [and][t]heir claims must depend upon a common contention ... of such nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S.Ct. at 2551 (internal quotation marks and citations omitted). "What matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." Id.

Plaintiff anticipates that discovery will show that Defendant's aircrafts all run on a "bleed-air" system.   Thus, because the design and manufacture are uniform, the questions underlying the litigation can be resolved "in one stroke." Moreover, answers to these questions are "central to the validity" of each class member's claims because, as discussed in more detail in the Court's predominance analysis below, each class member's claim hinges on (1) whether the design is defective, (2) what information Frontier knew or had access to regarding the likelihood of fume events, and (3) whether members of the class were subject to forced and nonconsensual confinement. *Dukes*, 131 S.Ct. at 2551; see section IV.B.1, infra.

### c.   Typicality

Typicality measures whether there is a sufficient nexus between the claims of unnamed representatives and those of the class at large. *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). A plaintiff need only possess the same interest and have

suffered the same injury as the other class members. *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 984 (9th Cir. 2011). Under these "permissive standards," representative claims are typical if they are "reasonably co-extensive with those of absent class members." *Franco v. Ruiz Food Prods., Inc.,* 2012 WL 5941801, at *6 (E.D. Cal. Nov. 27, 2012) (citing *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998)). Claims need not be identical to be typical. *Id.* Typicality can be satisfied even if factual differences exist between the plaintiff and the other class members. *Rivera v. Bio Engineered Supplements & Nutrition, Inc.,* 2008 WL 4906433, at *7 (C.D. Cal. Nov. 13, 2008) (holding, "the typicality requirement is not particularly strict").

Typicality is easily satisfied in this case. Plaintiff's claim arises from the same practice or course of conduct as other putative class members' claims—namely, those passengers of Frontier Airlines who experienced "fume" events in the United States (the "Class"). Plaintiff's claims are also typical on behalf of a subclass of all passengers on Frontier Flight 1630 which departed Los Angeles International Airport on June 2, 2017 (the "California Class").

### d.   Adequacy

To establish adequacy of representation, the issue is whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and whether "the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class." *Hanlon,* 150 F.3d at 1020. Here, the interests of Plaintiff and the members of the proposed classes are fully aligned in determining whether Frontier's aircrafts are defective in design. See Ridgell Decl. Plaintiff has demonstrated an understanding of the case and has worked with her counsel to prosecute the action. responded to numerous discovery requests and sat for their depositions. Further, Plaintiff retained counsel with significant experience in class action. Bradley Decl. Therefore, the adequacy requirement is met here.

### 2.   Rule 23(b) Requirements

Under Rule 23(b)(3), class certification is appropriate "if Rule 23(a) is satisfied" and if

8

"the court finds that [1] the questions of law or fact common to class members predominate over any questions affecting only individual members, and that [2] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b) (3); *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162–63 (9th Cir.2001).

### a.   Predominance

The predominance inquiry "trains on legal or factual questions that qualify each class member's case as a genuine controversy." *Amchem Prods, Inc. v. Windsor*, 521 U.S. 591, 625 (1997). "When one or more of the central issues in the action are common to the class and can be said to predominate," a class action will be considered proper "even though other matters will have to be tried separately." *Gartin v. S & M NuTec LLC*, 245 F.R.D. 429, 435 (C.D.Cal.2007). "Because no precise test can determine whether common issues predominate, the Court must pragmatically assess the entire action and the issues involved." *Romero v. Producers Dairy Foods, Inc.,* 235 F.R.D. 474, 489 (E.D.Cal.2006). "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." See *Valentino v. Carter–Wallace, Inc.*, 97 F .3d 1227, 1234 (9th Cir.1996). "Predominance is a test readily met in certain cases alleging consumer or securities fraud or violations of the antitrust laws." *Amchem*, 521 U.S. at 625.

Here, each of the claims can be demonstrated or refuted with common evidence. The claims all arise from common facts (i.e. all Frontier aircrafts all operate with the same bleed air system; all passengers of Plaintiff's flight were subject to the same confinement.)

### 3.   Class Litigation is Superior to Other Methods of Adjudication

Rule 23(b)(3) sets forth four relevant factors for determining whether "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." These factors include: (i) the class members' interest in individually controlling separate actions; (ii) the extent and nature of any litigation concerning the

controversy already begun by or against class members; (iii) the desirability of concentrating the litigation in the particular forum; and (iv) the likely difficulties in managing a class action. "[C]onsideration of these factors requires the court to focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001) (internal quotation marks and citation omitted), amended by 273 F.3d 1266 (9th Cir. 2011).

Here, adjudicating class claims will be significantly less burdensome than if the matter were prosecuted individually." *Menagerie Prods. v. Citysearch*, 2009 WL 3770668, at *19 (C.D. Cal. Nov. 9, 2009) (concluding that "it does not appear that any members of the class have commenced any other litigation concerning the controversy alleged herein" and "concentrating the litigation in this Court will allow it to proceed in an efficient manner without risking inconsistent outcomes, and there is no reason to think that this is an undesirable forum to litigate these claims").

Further, there are no manageability issues. There is no reason to believe that the prosecution of the claims of the putative Class Members in a single class action will create more management problems than the alternative (i.e., the prosecution of hundreds or thousands of separate lawsuits by each class member).

I. **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that this Court grant class certification, appoint Plaintiff as class representative and appoint Plaintiff's counsel as class counsel.

DATED:   October 22, 2018                     **BRADLEY/GROMBACHER, LLP**

By: /s/ Marcus J. Bradley
Marcus J. Bradley, Esq.
Attorneys for Plaintiff