Kevin R. Sutherland (State Bar No. 163746)
Natasha N. Mikha (State Bar No. 270731)
CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone:  (213) 358-7600
Facsimile:  (213) 358-7699
Email:      kevin.sutherland@clydeco.us
            natasha.mikha@clydeco.us

Jeffrey J. Ellis (admitted *pro hac vice*)
CLYDE & CO US LLP
405 Lexington Avenue, 16th Floor
New York, New York 10174
Telephone:  (212) 710-3900
Facsimile:  (212) 710-3950
Email:      jeff.ellis@clydeco.us

Attorneys for Defendant
FRONTIER AIRLINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA RIDGELL, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC. a Colorado corporation; AIRBUS S.A.S., a foreign corporation doing business in the State of California; AIRBUS GROUP HQ, INC., a corporation doing business in the State of California,<br><br>Defendants. | Case No.: 2:18-CV-04916 PA (AFMx)<br><br>FRONTIER AIRLINES INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION<br><br>Date:  November 19, 2018<br>Time:  1:30 p.m.<br>Place: Courtroom of the Honorable Percy Anderson |

Frontier Airlines, Inc. (hereinafter "Frontier "), by and through its counsel of record, Clyde & Co US LLP, hereby opposes plaintiff's motion for class certification as follows:

/ /

/ /

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................. 1

STATEMENT OF FACTS ..................................................................................... 1

ARGUMENT ......................................................................................................... 3

I       PLAINTIFF'S MOTION FOR CLASS CERTIFICATION SHOULD BE DENIED BECAUSE THE CLAIMS ASSERTED BY PLAINTIFF AND THE PROPOSED CLASSES CANNOT BE MAINTAINED AGAINST FRONTIER .............................................................................................. 3

    A.      The Claims Asserted By Plaintiff Are Insufficient To Establish Subject Matter Jurisdiction ................................................................. 4

    B.      Frontier Cannot Be Held Liable For Operating Airworthy Aircraft Or For Not Warning About A Condition That The FAA Has Not Deemed Unsafe ................................................................................... 6

II      PLAINTIFF'S MOTION FOR CLASS CERTIFICATION SHOULD BE DENIED BECAUSE THIS ACTION DOES NOT SATISFY THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE ................................................................................ 12

    A.      Plaintiff Fails to Satisfy the Numerosity Requirement ..................... 12

    B.      Plaintiff Fails to Satisfy the Commonality Requirement ................... 14

    C.      Plaintiff Fails to Satisfy the Typicality Requirement ........................ 18

    D.      Plaintiff Fails to Satisfy the Adequacy Requirement ........................ 18

    E.      Plaintiff Fails to Satisfy the Rule 23(b) Requirements ...................... 19

        1.      Plaintiff Fails to Satisfy the Predominance Requirement ........ 19

        2.      Plaintiff Fails to Satisfy the Superiority Requirement ............. 20

CONCLUSION .................................................................................................... 21

1

# TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4

*Abdullah v. American Airlines, Inc.*
  181 F.3d 363 (3d Cir. 1999) ............................................................... 6

5

*Air Evac EMS, Inc. v. Robinson*
  486 F. Supp. 2d 713 (M.D. Tenn. 2007) ............................................ 8

6

*American Airlines v. Wolens*
  513 U.S. 219 (1995) ........................................................................... 5

7

*Bockrath v. Aldrich Chemical Co.*
  21 Cal. 4th 71(1999) ....................................................................... 17

8

*Briseno v. ConAgra Foods, I*nc.
  844 F.3d 1121 (9th Cir. 2017) ......................................................... 13

9

*City of Burbank v. Lockheed Air Terminal Inc.,*
  411 U.S. 624 (1973) ........................................................................... 6

10

*General Tel. Co. of Southwest v. Falcon*
  457 U.S. 147 (1982) .................................................................. 18, 19

11

*Kamm v. California City Development Co.*
  509 F.2d 205 (9th Cir. 1975) ............................................................. 3

12

*M.D. ex rel. Stukenberg v. Perry*
  675 F.3d 832 (5th Cir. 2012) ........................................................... 15

13

*Marcus v. BMW of N. Am., LLC*
  687 F.3d 583 (3d Cir. 2012) ............................................................ 13

14

*Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*
  555 F.3d 806 (9th Cir. 2009) ............................................................. 7

15

*Molien v. Kaiser Foundation Hospitals*
  27 Cal. 3d 916 (1980) ..................................................................... 17

16

*Montalvo v. Spirit Airlines*
  508 F.3d 464 (9th Cir. 2007) ................................................. 6, 7, 11

17

*Naffe v. Frey*
  789 F.3d 1030 (9th Cir. 2015) ........................................................... 4

18

*Northwest Airlines, Inc. v. Minnesota*
  322 U.S. 292 (1944) ........................................................................... 6

19

*Scofield v. Critical Air Medicine*
  45 Cal. App. 4th 990 (1996) ........................................................... 17

20

*United States v. Christensen*
  419 F.2d 1401 (9th Cir. 1969) ........................................................... 6

21

*Vega v. T-Mobile USA, Inc.*
  564 F.3d 1256 (11th Cir. 2009) ................................................. 12, 13

22

*Wal-Mart Stores, Inc. v. Dukes*
  564 U.S. 338 (2011) .................................................................. 14, 15

23

24

25

26

27

28

*Zinser v. Accufix Research Inst., Inc.*
  253 F.3d 1180 (9th Cir.) ............................................................. 12, 21

**Statutes**

49 U.S.C. § 41713(b)(1) ................................................................. 5

Fed. R. Civ. Proc. 23(a) ........................................................... 12, 19

Fed. R. Civ. Proc. 23(b) ..................................................... 12, 19, 20

**Secondary Sources**

Department of Transportation (D.O.T.) Federal Aviation Administration
  Interpretation 1975-29 1975 WL 342731 (May 6, 1975) ................. 9, 10

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff's motion for class certification should be denied because plaintiff has failed to meet her burden of establishing that the certification requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied or that discovery would enable her to do so.  Subject matter jurisdiction requires a plaintiff to not only establish viable claims on behalf of herself and the proposed classes but also to establish that class damages will meet the five million dollar threshold of the Class Action Fairness Act.  Plaintiff, however, has presented no evidence concerning the alleged damages incurred by the proposed classes, has failed to establish that common issues of fact or law would predominate over individual inquiries and has failed to show that a class action would be superior to alternative procedures for resolution of any individual claims that might be asserted against Frontier.  When it is further considered that the claims asserted by plaintiff are not only conclusory, factually suspect and preempted by federal law, it becomes readily apparent that plaintiff's motion should be denied and plaintiff's complaint dismissed.

### STATEMENT OF FACTS

Plaintiff asserts this proposed class action on the basis of alleged "bleed air events."[1]  First Amended Complaint, [Dkt No. 38], ¶¶ 16-88.  Plaintiff alleges causes of action for strict liability, breach of warranties, negligence, negligent infliction of emotional distress and false imprisonment.  However, plaintiff's claims are replete with conclusory and unsupported allegations.  In that regard, plaintiff alleges in paragraphs 7 and 8 of her complaint that the Airbus defendants "design, manufacture and sell" aircraft, while alleging in paragraph 9 that Frontier operates aircraft.  First

---

[1] Although plaintiff also references the alleged events in her complaint as "fume events," the term "bleed air event" is used in plaintiff's definition of the proposed nationwide class and, thus, Frontier references the alleged events accordingly.  First Amended Complaint, [Dkt No. 38], p. 16, l. 14.

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

1    Amended Complaint [Dkt No. 33], ¶¶ 7, 8 and 9.  Nonetheless, the causes of action

2    for strict liability on the basis of design defect, breach of warranties and negligence

3    are alleged against "All Defendants" on the basis that all defendants bore some

4    responsibility for, among other allegations, "designing, manufacturing, assembling,

5    testing, maintaining, servicing, selling, marketing, promoting and providing warnings

6    or instructions about the subject aircraft."  First Amended Complaint [Dkt No. 33], ¶

7    104 (emphasis added); see also ¶¶ 89-110.

8         Plaintiff cannot reasonably dispute that these causes of action do not apply to

9    Frontier.  Moreover, even if the negligence cause of action was construed to include

10   an alleged duty to warn about a bleed air system which plaintiff concedes to be

11   "common," and which is used on every Airbus aircraft and absent only from the

12   Boeing 787, none of these claims or those for negligent infliction of emotional distress

13   and false imprisonment are supported by any facts or legal basis for holding Frontier

14   liable.  First Amended Complaint [Dkt No. 33], ¶¶ 35, 70, 75, 103-125.  Indeed it

15   strains credulity to allege without any supporting facts that passengers waiting to

16   board a flight "in the terminal area of the (Phoenix) airport" were "imprisoned" by

17   Frontier.  First Amended Complaint [Dkt No. 33], p. ¶¶ 104 and 123.

18        In relation to the foregoing, it is also relevant to note that at the case

19   management conference held on October 1, 2018, counsel for plaintiff conceded that

20   the proposed nationwide class of passengers would be seeking only economic

21   damages for the cost of their airfare for flights onboard the allegedly defective Airbus

22   aircraft.  Declaration of Jeffrey J. Ellis ("Ellis Decl."), ¶ 4.  Consistent with this

23   assertion at the case management conference, plaintiff's complaint alleges that the

24   proposed nationwide class has "paid a premium for the service, over similar

25   alternatives . . . (and) all overpaid for the service."  First Amended Complaint [Dkt

26   No. 33], ¶ 85 (emphasis added).  These claims, however, relate directly to air carrier

27   prices, routes and services and in so doing, implicate the broad body of established

28   case law interpreting the express preemption provision of the Airline Deregulation Act

FRONTIER AIRLINES INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION

as well as the terms governing refunds contained in Frontier's contract of carriage. Declaration of Valerie W. Tyler ("Tyler Decl."), ¶ 4, Exhibit A.

Frontier's contract of carriage provides terms and conditions of transportation for passengers and their baggage on all flights operated by Frontier. Tyler Decl., ¶ 4, Exhibit A. The contract of carriage governs the rights and liabilities of Frontier's passengers and Frontier with respect to any claims arising out of transportation on domestic flights operated by Frontier. Tyler Decl., ¶ 4. Frontier's contract of carriage provides that a ticket entitles a passenger to transportation between the point of origin and the destination. Tyler Decl., ¶ 5, Exhibit A. Accordingly, the contract of carriage provides no basis for a refund in the event that a ticket has been fully used and the passenger has been transported from the point of origin to the destination. Tyler Decl., ¶ 7, Exhibit A.

Lastly, it is relevant to note that plaintiff makes no attempt to establish that even her individual claim meets the court's jurisdictional threshold as her attorney conceded at the case management conference that plaintiff's alleged "injuries" were transient in nature. Ellis Decl., ¶ 4.

**ARGUMENT**

**I**

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION SHOULD BE DENIED BECAUSE THE CLAIMS ASSERTED BY PLAINTIFF AND THE PROPOSED CLASSES CANNOT BE MAINTAINED AGAINST FRONTIER**

Plaintiff's motion begins by asserting that plaintiff should be afforded the opportunity to conduct discovery prior to seeking class certification. However, plaintiff's argument cites to *Kamm v. California City Development Co.*, a Ninth Circuit opinion which provides that the "propriety of a class action cannot be determined *in some cases* without discovery." 509 F.2d 205, 210 (9th Cir. 1975) (*emphasis added*). This action, however, is not one in which pre-certification

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

1  discovery is warranted.  Discovery will not assist plaintiff in certifying a class action
2  against Frontier because this Court lacks subject matter jurisdiction over the proposed
3  class action pursuant to the Class Action Fairness Act ("CAFA"), and the claims
4  against Frontier are both factually unsupported and clearly preempted by federal law.

5  **A. The Claims Asserted By Plaintiff Are Insufficient To Establish Subject**
6  **Matter Jurisdiction**

7  Pursuant to CAFA, federal courts have subject matter jurisdiction over class
8  actions filed pursuant to Rule 23 of the Federal Rules of Civil Procedure if two
9  conditions are met: (1) the amount in controversy exceeds the sum or value of $5
10  Million, exclusive of interest and costs; and (2) the matter is a class action in which
11  any member of the class of plaintiffs is a citizen of a different state from any
12  defendant, any member of the class of plaintiffs is a foreign citizen and any defendant
13  is a citizen of a state, or any member of the class of plaintiffs is a citizen of a state and
14  any defendant is a foreign citizen.  *See* 28 U.S.C. § 1332(d).

15  While the amount in controversy alleged by a plaintiff asserting federal
16  jurisdiction will generally be respected, if it appears to a "legal certainty" that the
17  claim is actually for less than the jurisdictional amount, dismissal is warranted.  *Naffe*
18  *v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).  Pertinent instances which meet the
19  "legal certainty" standard include instances where "a specific rule of law or measure
20  of damages" would limit recoverable damages, or where "independent facts show that
21  the amount of damages was claimed merely to obtain federal court jurisdiction."
22  *Naffe*, 789 F.3d at 1040.

23  The admissions of plaintiff's counsel at the case management conference on
24  October 1, 2018, as well as the case law governing these claims, establish that the
25  amount in controversy requirement is not met here.  When counsel for plaintiff was
26  questioned by the Court regarding the types of damages purportedly suffered by the
27  proposed class plaintiffs, she conceded that the proposed nationwide class of
28  passengers would be seeking only economic damages for refunds of the cost of their

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

1    airfare on flights that utilized the allegedly defective Airbus aircraft.  Ellis Decl., ¶ 4.

2    Not only does this representation to the Court establish that the proposed classes

3    cannot meet the jurisdictional requirements of CAFA, it also relates directly to air

4    carrier prices, routes and services and ignores the refund provisions of Frontier's

5    contract of carriage.  Tyler Decl., ¶ 4, Exhibit A.

6         The Airline Deregulation Act of 1978 (hereinafter "1978 ADA") expressly

7    states that "no State . . . shall enact or enforce any law . . . relating to rates, routes, or

8    services of any air carrier."  S*ee*, P.L. 95-504, 49 U.S.C. § 41713(b)(1).  As the

9    Supreme Court stated in *Morales v. Trans World Airlines, Inc*., 504 U.S. 374 (1992),

10   Congress included this provision in the 1978 ADA in order to "ensure that the States

11   would not undo federal deregulation with regulation of their own." *Morales*, 504 U.S.

12   at 378.  The Supreme Court further stated that Congress' use of the term "relate to"

13   was identical to the language used in other statutes and was intended to convey "a

14   broad pre-emptive purpose" and an "expansive sweep." *Id.* at 383-84.  The Court then

15   stated that "State enforcement actions having a connection with, or reference to,

16   airline rates, routes, or services are pre-empted."  *Id.*

17        The Supreme Court next considered the scope of the 1978 ADA's preemption

18   clause in *American Airlines v. Wolens*, 513 U.S. 219 (1995).  That case involved an

19   attempt to use State consumer protection laws to enforce what was alleged to be a

20   breach of an air carrier's contractual obligations.  The Court held that any "remedy"

21   sought by a party to an airline contract must be "confined to a contract's terms" since

22   that contract clearly relates to the airline's "rates and services."  513 U.S. at 229.

23        Plaintiff's complaint makes no reference to Frontier's contract of carriage

24   despite the fact that it forms the basis for all of the transportation at issue and is

25   integral to any preemption analysis.  In this regard, it is relevant to note that like most

26   airlines, Frontier's contract of carriage provides that "the ticket entitles the passenger

27   to transportation between the point of origin and the destination."  Tyler Decl., ¶ 5,

28   Exhibit A.   Accordingly, the contract of carriage provides no basis for a refund in the

FRONTIER AIRLINES INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

1  event that a ticket has been fully used and the passenger has been transported from the

2  point of origin to the destination.  Tyler Decl., ¶ 7, Exhibit A.  The contract of carriage

3  further precludes a class action from being brought pursuant to the contract of

4  carriage.  Tyler Decl., ¶ 8, Exhibit A.

5       Thus, plaintiff's economic damage/refund claim contradicts the terms of the

6  Frontier contract of carriage and relates directly to Frontier's ticket prices, routes and

7  services.   In accordance with the specific language of the ADA, the contract of

8  carriage and the aforesaid holdings of the Supreme Court, plaintiff's broad-based class

9  action is clearly preempted.

10  ### B.  Frontier Cannot Be Held Liable For Operating Airworthy Aircraft Or For

11  ### Not Warning About A Condition That The FAA Has Not Deemed Unsafe

12       For nearly a century, Congress has recognized that federal control over aviation

13  must be "intensive and exclusive."  *Northwest Airlines, Inc. v. Minnesota*, 322 U.S.

14  292, 303 (1944) (J. Jackson, concurring).  To that end, Congress enacted the Federal

15  Aviation Act (the "Act") in 1958, the "whole tenor [of which was] to create and

16  enforce one unified system of flight rules."  *United States v. Christensen*, 419 F.2d

17  1401, 1404 (9th Cir. 1969).  Congress found the "creation of a single, uniform system

18  of regulation vital to increasing air safety."  *Abdullah v. American Airlines, Inc.*, 181

19  F.3d 363, 368 (3d Cir. 1999).  The Act, together with the broad authority given to the

20  Federal Aviation Administration (hereinafter "FAA"), thus establishes a "uniform and

21  exclusive system of federal [aviation] regulation."  *City of Burbank v. Lockheed Air

22  Terminal Inc.*, 411 U.S. 624, 639 (1973).   Consistent with this understanding, the

23  Ninth Circuit has held that the Act and its corresponding regulations "demonstrate an

24  intent to occupy exclusively the entire field of aviation safety and carry out Congress'

25  intent to preempt all state law in this field."  *Montalvo v. Spirit Airlines*, 508 F.3d 464,

26  471 (9th Cir. 2007).

27       The issue in *Montalvo* was whether air carriers had a duty to warn passengers of

28  the risks of deep vein thrombosis ("DVT").   *Montalvo*, 508 F.3d at 468.   After

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

1    analyzing the Act and the federal regulations, the Court found that, through implied

2    field preemption, the Act "preempts the entire field of aviation safety from state and

3    territorial regulation." *Id.* at 468, 473-74. Applying this principle, the Court

4    concluded that the air carriers were under no duty to warn about the potential risks of

5    DVT "absent a federal mandate to do so." *Id.* Because no such mandate existed, the

6    Court upheld the dismissal of plaintiffs' failure to warn claims. *Id.* at 474.

7        The Ninth Circuit reaffirmed in *Martin ex rel. Heckman v. Midwest Exp.*

8    *Holdings, Inc.,* that when the FAA "issues 'pervasive regulations' in an area…the

9    [agency] preempts all state law claims in *that* area." 555 F.3d 806, 811 (9th Cir.

10    2009) (*emphasis in original*). The question in *Martin* was whether a federal rule

11    governing airstairs preempted a tort claim by a passenger who was injured when she

12    fell off such stairs. *Martin*, 555 F.3d at 808. The Court held that, because there was

13    only one federal regulation on airstairs, the airstairs were not "pervasively regulated"

14    and the Act did not preempt a state law claim that the airstairs were defective. *Martin*,

15    555 F.3d at 812.

16        In the case at bar, Frontier cannot be held liable for having operated aircraft that

17    have been certified to be safe and airworthy by the FAA. As noted in *Martin,* in order

18    for aircraft to be certified as airworthy, it must be shown that the aircraft "meets the

19    agency's regulations, and 'that no feature or characteristic makes it unsafe. *Martin*, 555

20    F.3d at 8; s*ee also* Tyler Decl., ¶ 9. Plaintiff does not allege, and could not in good

21    faith allege, that the Airbus aircraft operated by Frontier are not certified as airworthy

22    by the FAA. In fact, the evidence provides the opposite. *See* Tyler Decl., ¶ 9.

23        Plaintiff also cannot dispute that cabin air systems are pervasively regulated by

24    the FAA. Paragraph 94 of plaintiff's first amended complaint specifically alleges that:

25       [t]he Federal Aviation Administration (FAA) has issued a number of

26       federal aviation regulations (FARs), airworthiness directives (ADs),

27       and advisory circulars (ACs) regarding cabin air ventilation

28       requirements and contaminant concentration limits.

First Amended Complaint [Dkt No. 33], ¶ 94.  Moreover, paragraphs 95-98 of the complaint allege specific federal regulations governing cabin air systems.  First Amended Complaint [Dkt No. 33], ¶ ¶ 95-98.  What plaintiff does not and cannot in good faith allege is that the FAA has either deemed the Airbus cabin air system unsafe or has required a warning with respect to same.  Plaintiff obviously recognizes the foregoing in that she only alleges in paragraphs 59-61 that the FAA is studying this issue.  First Amended Complaint [Dkt No. 33], ¶ ¶ 59-61.

The Seventh Circuit's holding in *Bieneman v. City of Chicago*, 864 F.2d 463, 471 (7th Cir. 1988) is instructive.  There, the court specifically addressed federal preemption in the context of considering whether a lower court properly dismissed an action an action similar to the one at bar.  Like here, plaintiff claimed aircraft that were deemed airworthy by the FAA to be defective because they were not equipped with equipment that plaintiff claimed to be required.  In that regard, the Court framed the issue and its resolution as follows:

> Bieneman's complaint suggests that damages should be awarded because there are too many flights per hour, or *because the aircraft are older models not fitted with high-bypass turbofan engines*, or because the planes do not climb at a sufficiently steep rate after takeoff. These subjects are governed by federal law, *and a state may not use common law procedures to question federal decisions or extract money from those who abide by them*.

864 F.2d at 473 (*emphasis added*).

Consistent with the foregoing, the court in *Air Evac EMS, Inc. v. Robinson*, 486 F. Supp. 2d 713 (M.D. Tenn. 2007) held that the State of Tennessee was also preempted from regulating the type of equipment used in air ambulance helicopters. The district court cited to the preemption case law noted herein, enjoined the proposed regulation of the State of Tennessee and held that "only the FAA" has "responsibility for matters concerning aviation safety, *including the certification* and operation of

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

aircraft." 486 F. Supp. 2d at 715 (*emphasis added*).

The FAA -- the Agency charged with the duty to promulgate the regulations and standards governing flight operations and safety -- has also rejected State attempts to require additional safety equipment on aircraft. In Interpretation 1975-29, Federal Aviation Decisions, I-48, the Chief Counsel of the FAA responded to a letter inquiring whether a State had the right to promulgate a rule requiring installation of an additional safety feature on aircraft using that State's airspace. *See* Department of Transportation (D.O.T.) Federal Aviation Administration, Interpretation 1975-29, 1975 WL 342731 (May 6, 1975). The Chief Counsel to the FAA unequivocally rejected this proposal with language and reasoning which echoes the Supreme Court's holding in *Burbank*:

> The expansive authority of the Administrator to prescribe safety standards applicable to civil aircraft in air commerce under Title VI of the [Federal Aviation Act of 1958] is indicative of *Congress' intent to preempt any state or local regulation* on the same subject matter. This preemptive intent is all the more forceful when the *nature* of air commerce is considered and the *necessity for uniformity* of regulation is reflected upon.
>
> Pursuant to its broad statutory mandate, the FAA has issued a detailed and comprehensive scheme of rules and regulations requiring the installation of safety hardware under both its certification and operating rules. Your attention is particularly directed toward the certification and operating rules for air carriers found in Federal Aviation Regulation (FAR) Part 121 of Title 14. The breadth and scope of these regulations, *coupled with what we consider to be Congress' desire to make Federal superintendency of safety in air commerce an exclusive enterprise, requires a finding of Federal preemption with respect to any state or local regulation requiring*

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

-9-

*installation of "Smoke Hoods" as described in your correspondence.* Department of Transportation (D.O.T.) Federal Aviation Administration, Interpretation 1975-29, 1975 WL 342731, at *1 (May 6, 1975) (*emphasis added*).

Additionally, it is worth noting that, as plaintiff alleges in her complaint, Airbus is a "European multinational corporation that designs, manufactures, and sells civil and military aeronautical products worldwide." First Amended Complaint [Dkt No. 33], ¶ 7. As such its products are subject to initial regulation by the European Aviation Safety Agency (EASA). Similar to the FAA, EASA describes its mission as ensuring "the highest common level of safety protection for [European Union] citizens" and "the highest common level of environmental protection." It further states that one of the ways that it achieves this mission is to "certify & approve products and organisations, in fields where EASA has exclusive competence (e.g. airworthiness)."[2]

In conjunction with its regulatory role, EASA has specifically studied the "bleed air issue"[3] which plaintiff cites as the crux of all of her claims. In that regard, EASA has made the following findings in a 2014 report. First, EASA has noted that "airborne contaminations [similar to those found in aircraft] are also observed in typically indoor environments like offices, schools, kinder gardens or dwellings."[4] EASA also found that "[t]aking indoor air guidelines into consideration the cabin air is no object of any concerns."[5] EASA then explicitly noted that:

> [t]o state the obvious, there is no contaminant-free indoor

---

[2] *See* https://www.easa.europa.eu/the-agency/the-agency.

[3] *See* EASA – Final Report on Preliminary Cabin Air Quality Measurement Campaign, available at https://www.easa.europa.eu/sites/default/files/dfu/EASA%20CAQ%20Study%20Final%20Report_21.03.2017.pdf.

[4] *Id.* at p.105.

[5] *Id.* at p. 105-06.

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

environment. The aircraft cabin is no exception. However, due to the exceptional high air exchange rates in aircraft, the cabin air has been proven to be less polluted compared to normal indoor environments (e.g., offices, dwellings, etc.). Volatile contaminations in the cabin are thus depleted quickly.[6]

In summarizing the "current data situation," EASA noted that "[t]he still ongoing discussion about the so-called 'aerotoxic syndrome' remains completely incomprehensible."[7]

The foregoing statements are obviously contrary to what plaintiff alleges in her complaint.  This is not surprising, since plaintiff's complaint asserts that the FAA has been aware of allegations about "bleed air" for 24 years but has never deemed the bleed air system to render an aircraft not airworthy nor required any airline to warn about the bleed air system.  In light of EASA's findings, the foregoing case law and the specific holding by the Ninth Circuit in *Montalvo* that air carriers are under no duty to warn about the alleged potential health risks "absent a federal mandate to do so," plaintiff's claims in the case at bar against Frontier should be dismissed just as the claims against the air carrier defendants were dismissed in *Montalvo*.  508 F.3d at 473, 474.  Moreover, since the plaintiff's false imprisonment claim is based only on conclusory allegations and is patently devoid of any credibility, that claim should be dismissed as well.  Although the latter may not be preempted by federal law, plaintiff fails to establish that this claim, or any of the others she asserts against Frontier, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, as provided in further detail below.

/ /

/ /

---

[6] *Id.* at p. 106.

[7] *Id.* at p. 109.

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

## II

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION SHOULD BE DENIED BECAUSE THIS ACTION DOES NOT SATISFY THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiffs seeking to certify a class must satisfy all requirements of Rule 23(a) of the Federal Rules of Civil Procedure, in addition to satisfying the requirements of one of the three subparts of Rule 23(b).  Plaintiff asserts that this action qualifies pursuant to Rule 23(a) and (b)(3).  However, it is plaintiff's burden to prove by a preponderance of the evidence that all requirements of Rule 23 are satisfied.  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001) (noting that, "as the party seeking class certification, [plaintiff] bears the burden of demonstrating that she has met each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b).").  As explained in further detail below, plaintiff has failed to meet her burden of establishing that the proposed classes satisfy any of the requirements of Rule 23.

### A. *Plaintiff Fails to Satisfy the Numerosity Requirement*

While a plaintiff need not establish the precise number of members in a purported class, there must be some showing, absent a mere allegation, that the class satisfies the numerosity requirement.  *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009).  In *Vega*, the Eleventh Circuit noted that the plaintiff submitted no evidence concerning the number of defendant's retail stores or sales representatives in Florida, relying instead upon the fact that the defendant employed "thousands" of associates nationwide.  *Vega*, 564 F.3d at 1267.  However, the class that plaintiff sought to certify was for sales representatives employed during the class period in Florida.  *Vega*, 564 F.3d at 1267.  The Court found that the "district court's inference of numerosity for a Florida-only class without the aid of a shred of Florida-only evidence was an exercise in sheer speculation."  *Vega*, 564 F.3d at 1267.  The Court

noted that the record was "utterly devoid" of any showing that the proposed class of sales representatives in Florida was "so numerous that joinder of all members is impracticable." *Vega*, 564 F.3d at 1267–68.

Similarly, the Third Circuit has declined to find that the numerosity requirement was met where there was a "complete lack of evidence specific to BMWs purchased or leased in New Jersey with Bridgestone [run-flat tires] that have gone flat and been replaced." *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 597 (3d Cir. 2012) (distinguished by Ninth Circuit in *Briseno v. ConAgra Foods, In*c., 844 F.3d 1121, 1130 (9th Cir. 2017) on other grounds). In that case, plaintiff sought to certify a class of purchasers and lessees of BMW cars who had a specific type of tire replaced. *Marcus*, 687 F.3d at 597. The Third Circuit found that the district court had "crossed the line separating inference and speculation" because, although BMW "is a large company that sells and leases many cars throughout the country," the court had certified a "New Jersey class of owners and lessees with Bridgestone [tires] that have gone flat and been replaced." *Marcus*, 687 F.3d at 597. The Third Circuit noted that, while it may be "tempting to assume that the New Jersey class meets the numerosity requirement based on the defendant companies' nationwide presence," the district court had abused its discretion in certifying the class without any evidence supporting numerosity. *Marcus*, 687 F.3d at 597.

In support of her assertion that the numerosity requirement for her proposed nationwide class is met, plaintiff merely alleges that "Frontier operates hundreds of flights each day and thus it is clear that the number of class members can easily extend into the thousands." Motion for Class Certification, [Dkt No. 38], p. 7, ll. 3-4. Similar to the plaintiffs above who relied upon the defendant's nationwide presence without submitting any evidence of the specific class they sought to certify, it appears that plaintiff intends to rely merely upon the number of flights conducted by Frontier per day, rather than offering any evidence concerning the number of flights which may have experienced alleged bleed air events. While plaintiff may assert in her reply

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

that she requires discovery in order to provide such evidence, this argument would be unavailing.  Plaintiff does not need information or documents from Frontier in order to make the showing required at the certification stage, as plaintiff could have presented evidence in her motion for class certification concerning the estimated frequency of alleged bleed air events in a given period of time.  Any assertion that plaintiff lacks access to studies, reports, or experts on the topic would be belied by the technical allegations of her complaint.  First Amended Complaint, [Dkt No. 33], ¶¶ 34-52 and 75-81.

In light of the foregoing, plaintiff has not satisfied the numerosity requirement with respect to her proposed nationwide class of all passengers who have traveled with Frontier and "experienced a bleed air event."  With respect to the proposed sub-class of plaintiff's fellow passengers on flight no. 1630, the numerosity requirement is likely met.   However, both proposed classes fail to meet the other Rule 23 requirements, as provided in further detail below.

### B. Plaintiff Fails to Satisfy the Commonality Requirement

Commonality requires that plaintiffs "demonstrate that the class members 'have suffered the same injury.'  This does not mean merely that they have all suffered a violation of the same provision of law." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (*internal citation omitted*).  In order to satisfy the commonality requirement, it must be established that the claims of the proposed class depend on at least one common issue of law or fact whose resolution "will resolve an issue that is central to the validity of each one of the [class member's] claims in one stroke." *Dukes*, 546 U.S. at 350.   Courts are required to conduct a "rigorous analysis" to ensure that the requirements of Rule 23(a) are met. *Dukes*, 564 U.S. at 350–51.  The requisite "rigorous analysis" may require courts "to probe behind the pleadings" and will "[f]requently entail some overlap with the merits of the plaintiff's underlying claim." *Dukes*, 564 U.S. at 350–51.

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

In *Dukes*, the Supreme Court found that commonality was not met because one plaintiff's experience of workplace discrimination was "insufficient to infer that 'discriminatory treatment is typical of the employer's employment practices.'" *Dukes*, 564 U.S. at 356 (*internal citation omitted*). The Court noted that the members of the proposed class held different jobs for variable lengths of time in different stores across the country and appeared to have little in common apart from their sex and the class action lawsuit. *Dukes*, 564 U.S. at 360. In the instant case, the proposed members similarly have very little in common apart from the fact that they have flown on aircraft operated by Frontier.

In another action where commonality was not established, the Fifth Circuit found that the district court had abused its discretion in certifying a class of children in the Texas state foster care system. *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 843 (5th Cir. 2012). The Fifth Circuit noted that the district court had not conducted the rigorous analysis required, as it had accepted plaintiffs' contention that "systemic deficiencies" in the foster care system created common questions of fact, but failed to consider the defendant's arguments that "dissimilarities within the proposed class precluded commonality with specific reference to the elements or defenses for establishing the class claims." *Perry*, 675 F.3d at 843. Specifically, the Court noted that defendant had raised the argument that "the individual class member's substantive due process claims are not capable of classwide resolution because deciding each plaintiff's claim requires an individualized inquiry regarding whether the State's conduct 'shocks the conscience.'" *Perry*, 675 F.3d at 843. Accordingly, the Fifth Circuit remanded for the district court to look beyond the pleadings and sufficiently analyze whether the class claims contained individualized issues that would prevent certification. *Perry*, 675 F.3d at 843.

Similar to the analysis in *Dukes*, one passenger's experience with a single alleged bleed air event is insufficient to infer that the alleged event was typical of all other alleged events. In this case, the Court need not even go beyond the pleadings to

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

1    determine that commonality is not satisfied, as the dissimilarities in the proposed

2    classes are apparent from the complaint.  Plaintiff alleges that, during her flight with

3    Frontier, the aircraft "experienced a problem with the air quality" and that she and

4    other passengers experienced symptoms including coughing and eye irritation.  First

5    Amended Complaint, [Dkt No. 33], p. 5, ll. 10-14.  Plaintiff's complaint alleges that a

6    handful of Frontier flights other than plaintiff's have been diverted due to "smoke," "a

7    suspicious odor," "an odor" and "smoke."  First Amended Complaint, [Dkt No. 33], p.

8    11, ll. 7, 9, 11 and 14.  The descriptions provided for these alleged events indicate that

9    the events are not similar to the event alleged by plaintiff, which references neither

10    smoke nor an odor, nor are they similar to one another, as an event involving smoke is

11    not necessarily the same as an event involving odor.

12         However, a probe beyond the pleadings further establishes that plaintiff cannot

13    satisfy the commonality requirement with respect to either proposed class.  This is

14    clear in plaintiff's assertion of the perceived common issues, which she describes as

15    including: "(1) whether the design is defective, (2) what information Frontier knew or

16    had access to regarding the likelihood of fume events, and (3) whether members of the

17    class were subject to forced and nonconsensual confinement."  Motion for Class

18    Certification, [Dkt No.38], p. 7, ll. 21-23.  These alleged common issues do not satisfy

19    the commonality requirement as to Frontier.  Plaintiff concedes in her complaint that

20    Frontier did not design the aircraft, so whether the aircraft design is defective is not a

21    common question which is vital to plaintiff's resolution of her claims against Frontier.

22    With respect to what information Frontier knew or had access to, this is also not a

23    question which is vital to resolution of plaintiff's claims against Frontier, because the

24    operations of an air carrier are exclusively governed by federal law, as explained in

25    further detail above.  No amount of knowledge changes the fact that Frontier is under

26    no duty to warn absent a federal mandate to do so.  Further, plaintiff's final alleged

27    common question is not a question that is common to all proposed class members.

28    //

In order to prove false imprisonment, plaintiff would have to establish that the alleged confinement was intentional. *Scofield v. Critical Air Medicine*, 45 Cal. App. 4h 990, 1001 (1996). As plaintiff appears to be alleging that the broader nationwide class of passengers may also have experienced confinement, plaintiff would have to establish Frontier's intent with respect to every alleged instance of false imprisonment. Individualized inquiries would also be necessary on plaintiff's two other causes of action against Frontier. With respect to negligence,[8] plaintiff must establish that each class member was harmed and that the harm was substantially caused by the alleged event. *Bockrath v. Aldrich Chemical Co.*, 21 Cal. 4th 71, 79 (1999). A negligible or theoretical cause is insufficient to establish liability. *Bockrath*, 21 Cal. 4th at 79. Similarly, to prove negligent infliction of emotional distress, plaintiff must establish that each class member suffered "serious emotional distress" which was substantially caused by the alleged event. *Molien v. Kaiser Foundation Hospitals*, 27 Cal. 3d 916, 928 (1980). Both of these showings fail to satisfy the commonality requirement, as they would require individualized inquiries. Whether an alleged event could be deemed a "substantial cause" of any alleged harm will depend upon the type, duration and pervasiveness of the alleged event, as well as the type of harm alleged to have been sustained by each of the class members.

In light of the necessity of conducting individualized inquiries in order to arrive at a verdict or judgment on all of plaintiff's three causes of action against Frontier, plaintiff's claims do not contain common issues of fact or law for purposes of the

---

[8] While Frontier disputes that the negligence cause of action is properly alleged against Frontier, as it includes reference to the design and manufacture of aircraft for which Frontier is not responsible, Frontier presumes for purposes of this motion that some of plaintiff's allegations in this cause of action could be alleged against Frontier. Accordingly, for purposes of this class certification discussion, Frontier addresses only the three causes of action from plaintiff's first amended complaint which can conceivably be asserted against Frontier on the basis of the allegations therein: negligence, negligent infliction of emotional distress and false imprisonment.

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

1  commonality requirement.

2  ### C. Plaintiff Fails to Satisfy the Typicality Requirement

3      While this is a separate requirement under Rule 23, it tends in practice "to

4  merge" with commonality. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147,

5  157, fn. 13 (1982).   The purpose of this requirement is to ensure that the class

6  representative possesses the same interest and suffered the same injury as the

7  proposed class members such that her claims and defenses are typical of those of the

8  proposed class. *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982).

9  Together, both requirements serve as "guideposts for determining whether under the

10 particular circumstances maintenance of a class action is economical and whether the

11 named plaintiff's claim and the class claims are so interrelated that the interests of the

12 class members will be fairly and adequately protected in their absence." *General Tel.*

13 *Co. of Southwest v. Falcon*, 457 U.S. 147, 157, fn. 13 (1982).

14     For the reasons provided above in the discussion on commonality, it is not clear

15 that plaintiff suffered the same injury as the proposed class members.   Further,

16 statements made at the case management conference on October 1, 2018 appear to

17 indicate that plaintiff does not necessarily possess the same interest as the proposed

18 class members.   Ellis Decl., ¶ 4.  Plaintiff's counsel appeared to concede that the

19 proposed nationwide class of passengers would be seeking only economic damages

20 for the cost of their airfare on flights that allegedly experienced fume events and that

21 the recovery of the proposed sub-class of passengers on plaintiff's flight would be

22 focused on the false imprisonment claim as opposed to any physical injuries.   Ellis

23 Decl., ¶ 4.  As counsel effectively conceded that plaintiff and the members of the

24 proposed sub-class of passengers on plaintiff's flight would be focused on the false

25 imprisonment claim, plaintiff's claim is not typical of the broader nationwide class.

26 ### D. Plaintiff Fails to Satisfy the Adequacy Requirement

27     The final prerequisite of Rule 23(a) is adequacy, which requires that the

28 proposed class representative "fairly and adequately protect the interests" of all

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

-18-
FRONTIER AIRLINES INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION

1    members of the proposed classes.  Fed. R. Civ. Proc. 23(a)(4).  The Supreme Court

2    has noted that, in practice, the commonality and typicality requirements also tend to

3    "merge with the adequacy-of-representation requirement, although the latter

4    requirement also raises concerns about the competency of class counsel and conflicts

5    of interest."  *General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157, fn. 13

6    (1982).

7        Based on the representations in the declarations submitted in support of the

8    motion for class certification, Frontier does not presently have any concerns regarding

9    competency of counsel or conflicts of interest.  However, plaintiff fails to satisfy the

10    adequacy requirements for all of the reasons cited in the discussions above concerning

11    commonality and typicality, including that she appears to have limited the recovery of

12    proposed class members to only the costs of their airfare before the class has been

13    certified, which may not be representative of the types of damages that other proposed

14    class members would have sought if plaintiff were not their proposed representative.

15    **E. Plaintiff Fails to Satisfy the Rule 23(b) Requirements**

16        As explained above, Rule 23(a) has not been satisfied.  But if the Court were to

17    determine that it has been satisfied, the Court would next consider whether one of the

18    requirements of Rule 23(b) have been satisfied.  Plaintiff alleges that this action meets

19    the requirements of Rule 23(b)(3) in that "the questions of law or fact common to

20    class members predominate over any questions affecting only individual members"

21    and "a class action is superior to other available methods for fairly and efficiently

22    adjudicating the controversy."  Fed. R. Civ. Proc. 23(b)(3).

23          **1. Plaintiff Fails to Satisfy the Predominance Requirement**

24        As explained above, plaintiff cannot establish a single common question for

25    purposes of Rule 23(a)(2), but even if plaintiff had established a common question,

26    her request for class certification fails to satisfy the requirement that  questions of law

27    or fact common to class members "predominate over any questions affecting only

28    individual members." Fed. R. Civ. Proc. 23(b)(3).  The Supreme Court has noted that,

CLYDE & CO US LLP
633 W. 5ᵗʰ Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

FRONTIER AIRLINES INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION

1  "[i]f anything, Rule 23(b)(3)'s predominance criterion is even more demanding than

2  23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).

3  However, despite this requirement being more demanding than those of 23(a),

4  plaintiff spends the least time on it, likely in acknowledgment of the weakness of her

5  potential arguments.  With respect to this requirement, plaintiff merely alleges that

6  "each of the claims can be demonstrated or refuted with common evidence" and all the

7  claims "arise from common facts."  Motion for Class Certification, [Dkt No. 38], p. 9,

8  ll.20-23.  This is clearly insufficient to meet plaintiff's burden of establishing that the

9  alleged common issues of fact or law predominate over questions affecting individual

10 members.  As explained in more detail above, none of plaintiff's alleged common

11 questions are vital to resolution of her claims against Frontier and each of her causes

12 of action against Frontier would require numerous individualized inquiries.

13 Accordingly, plaintiff has not satisfied the requirement of predominance.

14 ### 2. *Plaintiff Fails to Satisfy the Superiority Requirement*

15 In order to determine whether a class action is "superior" to other methods of

16 adjudicating the controversy, Rule 23(b)(3) lists four factors for consideration:  (A)

17 the class members' interests in individually controlling the prosecution or defense of

18 separate actions; (B) the extent and nature of any litigation concerning the controversy

19 already begun by or against class members; (C) the desirability or undesirability of

20 concentrating the litigation of the claims in the  particular forum; and (D) the likely

21 difficulties in managing a class action.

22 Fed. R. Civ. Proc. 23(b)(3).

23 In her motion, plaintiff asserts that adjudicating the claims as class claims "will

24 be significantly less burdensome than if the matter were prosecuted individually" and

25 that "there are no manageability issues."  Motion for Class Certification, [Dkt No. 38],

26 p. 10, ll. 9-10 and 16.  These two assertions are insufficient to establish that

27 superiority is satisfied in this case.  As provided in further detail above, resolution of

28 the claims in this action would require numerous individualized inquiries and, thus,

CLYDE & CO US LLP
633 W. 5ᵗʰ Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

the proposed class action would actually be more burdensome than actions brought by individual passengers. Additionally, where numerous individualized issues will arise, the burden is on plaintiff to present a manageable trial plan adequate to deal with such issues. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir. 2001). Plaintiff has not presented any trial plan but merely asserts, without support, that there are no manageability issues. Accordingly, plaintiff has not met her burden of establishing that the superiority requirement is met.

As plaintiff cannot establish that any of the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied, she has failed to meet her burden and the motion for class certification should be denied.

## CONCLUSION

In light of the foregoing, Frontier Airlines, Inc. respectfully requests that the Court deny plaintiff's motion for class certification and, should the Court deem it appropriate to do so, dismiss plaintiff's entire action against Frontier since there is no basis in law or fact to render Frontier liable for the claims asserted herein.

Dated: October 29, 2018                    CLYDE & CO US LLP


                                           By: */s/ Natasha N. Mikha*
                                               KEVIN R. SUTHERLAND
                                               NATASHA N. MIKHA
                                               Attorneys for Defendant
                                               FRONTIER AIRLINES, INC.

CLYDE & CO US LLP
633 W. 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600

**PROOF OF SERVICE**

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years, and not a party to the within action.  My business address is 633 West 5th Street, 26th Floor, Los Angeles, California 90071.

On October 29, 2018, I served the document(s) described as:

FRONTIER AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

on the parties in this action addressed as follows:

SEE ATTACHED SERVICE LIST

in the following manner:

☐ **(BY FAX):** by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☐ **(BY MAIL):** as follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT DELIVERY):** I caused such envelope(s) to be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) on whom it is to be served.

☐ **(BY PERSONAL SERVICE):** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☒ **(BY CM/ECF):** by electronic filing system with the clerk of the Court which will send a Notice of Electronic Filing to all parties with an e-mail address of record, who have filed a Notice of Consent to Electronic Service in this action:

I declare I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **October 29, 2018**, at Los Angeles, California.

_____
Kathy Rollins

---

4510937                                    -22-

FRONTIER AIRLINES INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION

1

<div align="center">SERVICE LIST</div>

2

Marcus J. Bradley, Esq. (SBN 174156)
3 Kiley L. Grombacher, Esq. (SBN 245960)
BRADLEY/GROMBACHER LLP
4 2815 Townsgate Road, Suite 130
Westlake Village, California 91361
5 Tel:  (805) 270-7100
Fax: (805) 270-7100
6 E-Mail: mbradley@bradleygrombacher.com
             kgrombacher@bradleygrombacher.com
7

Attorneys for Plaintiff
8

Kristi D. Rothschild, Esq. (SBN 222727)
9 Julian Alwill, Esq. (SBN 259416)
ROTHSCHILD & ASSOCIATES, APC
10 27 W. Anapamu Street, Suite 289
Santa Barbara, California  93101
11 Tel:  (805) 845-1190
Fax: (805) 456-0132
12 E-Mail: krothschild@kdrlawgroup.com
             jalwill@kdrlawgroup.com
13

Attorneys for Plaintiff
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<div style="writing-mode: vertical">CLYDE & CO US LLP
633 West 5th Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 358-7600</div>

4510937

-23-

FRONTIER AIRLINES INC.'S OPPOSITION TO PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION