**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

**ROTHSCHILD & ASSOCIATES, APC**
Kristi D. Rothschild, Esq. (SBN 222727)
Julian Alwill, Esq. (SBN 259416)
27 W. Anapamu Street, Suite 289
Santa Barbara, California 93101
Telephone:      (805) 845-1190
Facsimile: (805) 456-0132
krothschild@kdrlawgroup.com
jalwill@kdrlawgroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA RIDGELL, on behalf of herself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC. a Colorado corporation; AIRBUS S.A.S., a foreign corporation doing business in the State of California; AIRBUS GROUP HQ INC., a corporation doing business in the State of California<br><br>Defendants. | **CASE NO. CV 18-4916 PA (AFMx)**<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>**DATE: November 19, 2018**<br>**TIME: 1:30 P.M.**<br>**DEPT: 9A** |

1

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

Plaintiff Andrea Ridgell ("Plaintiff") hereby submits her reply memorandum in support of her motion for class certification.

## I. INTRODUCTION

Defendant Frontier Airlines, Inc.'s[1] opposition to Plaintiff's Motion for Class Certification reads more like a hybrid motion for summary judgment/motion to dismiss/opposition to motion for class certification. Defendant's arguments can be grouped into three categories: (1) preemption arguments; (2) jurisdiction arguments; and (3) certification arguments. The preemption arguments raised therein are largely inappropriate for disposition at this stage of the litigation and, if anything, serve only to underscore the propriety of certification. The remaining arguments further bolster the arguments in favor of Plaintiff's need for discovery to adequately prepare her motion for class certification. For the reasons discussed below and in Plaintiff's moving papers Plaintiff requests that this Court grant her Motion for Class Certification.

## II. ANALYSIS

### A. Frontier's Merits-Based Attacks Are Not Suitable for Certification

Frontier seems to equate a "rigorous analysis" with an in-depth examination of the underlying merits—i.e., whether Plaintiff's claims are subject to federal preemption[2]. Such analysis has been flatly rejected by the United States Supreme Court and the Ninth Circuit Court of Appeals. It is well settled that any examination of the

---

[1] Hereafter "Frontier".

[2] While Plaintiff maintains that the preemption issue should not be determined in the context of this motion, she submits that her design defect and failure to warn claims are not subject to preemption. The case of *Sikkelee v. Precision Airmotive Corp.*, 822 F.3d 680 (3d Cir. 2016) is particularly instructive. Therein, the U.S. Court of Appeals for the Third Circuit held that the Federal Aviation Act of 1958, the General Aviation Revitalization Act of 1994 (GARA), and regulations promulgated by the Federal Aviation Administration (FAA) do not categorically pre-empt state products liability claims including claims of defective design and failure to warn. *Id.* at 686. Given the complex nature of this issue, should the Court be inclined to adjudicate this issue at this stage of the proceedings, Plaintiff would request the opportunity to provide supplemental briefing not to exceed twenty-five (25) pages (as she would be afforded if the issue was properly raised in a summary judgment or pleadings motion).

merits of a claim is inappropriate in the context of a motion for class certification. *Eisen v. Carlisle & Jacquelin*, 411 U.S. 156, 177-78, 94 S.Ct. 2140 (1974). In *Eisen*, the United States Supreme Court explained that "nothing in either the language or history of Rule 23 . . . gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." (*Eisen*, supra, 417 U.S. at p. 177.) Defendant cannot argue the merits of the claims in order to challenge the appropriateness of the class. *Baldwin & Flynn* 149 F.R.D. 598, 601 (1993); *Steiner v. Equimark Corp.* 96 F.R.D. 603, 606 (1983); *Stockwell v. City and County of San Francisco*, 749 F.3d 1107, 1111 (9th Cir. 2014) (stating that while some evaluation of the merits frequently "cannot be helped" in evaluating a motion for class certification, that likelihood of overlap with the merits is "no license to engage in free-ranging merits inquiries at the certification stage");

Instead, the primary question in deciding a plaintiff's motion for class certification is "not whether the plaintiff has stated a cause of action that will prevail on the merits, but whether he/she has met the requirements of Rule 23." *Daniel F. v. Blue Shield of California*, 305 F.R.D. 115, 120 (N.D. Cal. 2014) citing *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO v. ConocoPhillips Co.,* 593 F.3d 802, 808 (9th Cir.2010)

On a motion for class certification, the Court is required to "examine the merits of the underlying claim ... only inasmuch as it must determine whether common questions exist; not to determine whether class members could actually prevail on the merits of their claims." *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 981 n. 8 (9th Cir.2011) (citations omitted). As the Ninth Circuit aptly noted, "[t]o hold otherwise would turn class certification into a mini-trial." *Id.*

///
///
///

3
**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

### B. The Merits-Based Issued Framed by Defendant's Motion Actually Underscore the Propriety of Class Certification.

Frontier's opposition frames a number of potentially dispositive preemption issues, each of which actually bolsters a finding that the Rule 23 certification factors are indeed satisfied in this litigation. Frontier argues against certification on raising several bases for federal preemption including:

(1) That the economic damage/refund claim contradicts the terms of the Frontier contract of carriage and relates directly to Frontier's ticket prices, routes and services[3];

(2) Plaintiff's failure to warn claim is preemption under *Montalvo v. Spirit Airlines*, 508 F.3d 464, 471 (9th Cir. 2007)[4];

(3) Frontier cannot be held liable for having operated aircraft that have been certified to be safe and airworthy by the FAA[5]

While such issues are clearly not properly raised at the certification stage of the litigation, Frontier will be free to raise these issues in the contact of a motion for summary judgment. The disposition of these issues as framed, will not vary from class member to class member thereby satisfying the commonality and predominance prerequisites for class certification.

### C. Frontier's Motion Underscores Plaintiff's Need for Discovery

Predictably, Frontier seeks denial of Plaintiff's Motion for Class Certification on the grounds that she has not sufficiently met her burden of establishing the requirements of Federal Rule of Civil Procedure Rule 23 because she cannot proffer sufficient evidentiary proof to establish numerosity, commonality, typicality, adequacy, predominance and superiority. Although relying on out of Circuit authority, should the

---

[3] Frontier Airlines Inc.'s Opposition to Plaintiff's Motion for Class Certification [ECF Dkt. No. 40] ("Opp.") at 6:5-7.
[4] Opp. at 6:27-7:6.
[5] Opp. at 7:16-17.

1 Court be inclined to deny certification on the grounds that Plaintiff cannot establish the Rule 23 factors including, *inter alia,* numerosity, typicality and superiority—all of which require discovery (from Frontier, Airbus and class members). Plaintiff requests the opportunity to conduct discovery and leave to file an amended motion for class certification. At such time, Plaintiff will be in a position to provide the Court with a trial plan[6].

## III. CONCLUSION

For the foregoing reasons, as well as those set forth in Plaintiff's Opening Brief, the Court should certify the Class and Subclass, appoint Plaintiff as a class representative, and appoint Bradley/Grombacher LLP and Rothschild & Associates, APC as class counsel.

DATED: November 5, 2018             **BRADLEY/GROMBACHER, LLP**

By: /s/ Kiley Lynn Grombacher
Marcus J. Bradley, Esq.
Kiley Lynn Grombacher, Esq.
Attorneys for Plaintiff

---

[6] Plaintiff needs discovery to adequately address Defendant's jurisdiction argument. Courts have recognized that limited discovery is appropriate. See generally *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 713 (9th Cir.1992) (finding that since Plaintiff bears the burden of proving jurisdiction, and it is an abuse of discretion to dismiss for lack of subject matter jurisdiction without permitting Plaintiff limited discovery where facts are disputed). Nevertheless, if it is Frontier's preference, Plaintiff does not oppose dismissal of the action in this Court so that she can file the action in state court.