**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@ bradleygrombacher.com

**ROTHSCHILD & ASSOCIATES, APC**
Kristi D. Rothschild, Esq. (SBN 222727)
Julian Alwill, Esq. (SBN 259416)
27 W. Anapamu Street, Suite 289
Santa Barbara, California 93101
Telephone: (805) 845-1190
Facsimile: (805) 456-0132
krothschild@kdrlawgroup.com
jalwill@kdrlawgroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA RIDGELL, on behalf of herself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC. a Colorado corporation; AIRBUS S.A.S., a foreign corporation doing business in the State of California; AIRBUS GROUP HQ INC., a corporation doing business in the State of California<br><br>Defendants. | **CASE NO. CV 18-4916 PA (AFMx)**<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION** |

1
**Response of Plaintiff to Order to Show Cause Re: Dismissal for Lack of Prosecution**

Plaintiff Andrea Ridgell ("Plaintiff") hereby submits the following response to the Court's January 28, 2019 Minute Order ordering plaintiff to show cause why Defendant Airbus S.A.S. ("Airbus") should not be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 4(m).

Although the Court is correct that Federal Rule of Civil Procedure 4(m) provides for dismissal of a defendant if it is not served within 90 days after the complaint is filed, ***the rule expressly exempts, inter alia, service in a foreign country under Rule 4(h)(2)***. Fed.R.Civ.P. 4(m). Airbus is a European multinational corporation headquartered in Leiden, Netherlands with a principal place of business in Toulouse, France. As such, Plaintiff has been endeavoring to serve this defendant through protocols established by the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention" or "Hague Convention") in accordance with Federal Rule of Civil Procedure 4(h)(2).[1] (Declaration of Kiley Lynn Grombacher ("Grombacher Decl.") at ¶¶6-8.)

Indeed, the Advisory Committee Notes to the 1993 amendments to Rule 4 acknowledge the judicial preference for service under the Hauge:

> This Convention is an important means of dealing with problems of service in a foreign country. See generally 1 B. Ristau, International Judicial Assistance §§ 4-1-1 to 4-5-2 (1990). Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service. See *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694 (1988) (noting that voluntary use of these procedures may be desirable even when service could constitutionally be effected in another manner); J. Weis, The Federal Rules and the Hague Conventions: Concerns of Conformity and Comity, 50 U.Pitt.L.Rev. 903 (1989).

As a default rule, litigants serving in such fashion can expect service through the Central Authority to take at least six months[2]. In July 2008, the Permanent Bureau, the

---

[1] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361.
[2] Charles Routh, Dispute Resolution--Representing the Foreign Client in Arbitration and Litigation, in Going International: Fundamentals of International Business Transactions 483, 491 (2004).
(footnote continued)

2
**Response of Plaintiff to Order to Show Cause Re: Dismissal for Lack of Prosecution**

secretariat of the Hague Conference, distributed a questionnaire to Hague Service Convention States to evaluate how the Convention was functioning and to identify concerns[3]. Although two-thirds of service requests were completed within two months, the Permanent Bureau uncovered an alarming trend, 18.3% of requests took 12 months or more to be issued with a certificate[4].

In this action, Plaintiff, has diligently sought to effectuate service so that she may prosecute this action[5]. Promptly upon filing, Plaintiff caused the case initiating documents, including the summons and the more than twenty-five-page complaint to be translated into French. (Grombacher Decl. at ¶ 7.) The service documents, were then transmitted to ABC Legal Services, Inc. ("ABC Legal") for transmittal and service. (Id. at ¶ 8.)

On or about July 12, 2018, a request for service along with the summons, complaint and other case initiating documents and orders was sent by ABC Legal to the Ministry de la Justice in Paris. (Id. at ¶9.) The process request was confirmed received by the Ministry de la Justice in Paris on July 16, 2018 (Id. ¶ 10.) ABC Legal has made attempts to follow up regarding service, however, at present, service upon Airbus has not been fully effectuated. (Id. at ¶¶ 11, 12.) Given the time delay, Plaintiff is exploring other potential mechanisms for service. (Grombacher Decl. at ¶13.)

Based upon the above, Plaintiff respectfully requests that the Court discharge the OSC.

---

[3] Permanent Bureau, Hague Conference on Private Int'l Law, Summary of Responses to the Questionnaire of July 2008 Relating to the Service Convention, with Analytical Comments 10 (2009), http:// www.hcch.net/upload/wop/2008pd14e.pdf.
[4] Indeed, such issues have been recognized by the drafters of Federal Rule 4 whose comments expressly note, "[s]ervice in a foreign country often is accomplished by means that require more than the time set by Rule 4(m)."
[5] Plaintiff's hands are effectively tied until service has been effectuated as it is settled that "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc*., 840 F.2d 685, 688 (9th Cir. 1988).

**Response of Plaintiff to Order to Show Cause Re: Dismissal for Lack of Prosecution**

1 | DATED:  February 4, 2019                **BRADLEY/GROMBACHER, LLP**

3 |                                         By**:**  /s/   Kiley Lynn Grombacher
4 |                                                Marcus J. Bradley, Esq.
                                                   Kiley Lynn Grombacher, Esq.
5 |                                                Attorneys for Plaintiff