**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:  (805) 270-7100
Facsimile:   (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@ bradleygrombacher.com

**ROTHSCHILD & ASSOCIATES, APC**
Kristi D. Rothschild, Esq. (SBN 222727)
Julian Alwill, Esq. (SBN 259416)
27 W. Anapamu Street, Suite 289
Santa Barbara, California   93101
Telephone:  (805) 845-1190
Facsimile:   (805) 456-0132
krothschild@kdrlawgroup.com
jalwill@kdrlawgroup.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREA RIDGELL, on behalf of herself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC. a Colorado corporation; AIRBUS S.A.S., a foreign corporation doing business in the State of California; AIRBUS GROUP HQ INC., a corporation doing business in the State of California<br><br>Defendants. | **CASE NO. CV 18-4916 PA (AFMx)**<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION** |

1

**Response of Plaintiff to Order to Show Cause Re: Dismissal for Lack of Prosecution**

Plaintiff Andrea Ridgell ("Plaintiff") hereby submits the following response to the Court's February 25, 2019 Minute Order [ECF Dkt. No. 47] ordering Plaintiff to show cause why Defendant Airbus S.A.S. ("Airbus") should not be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 4(m).

Despite Plaintiff's diligent efforts, the Ministry de la Justice in Paris has not yet confirmed service upon Airbus. As noted in her response to the prior OSC, Plaintiff has retained ABC Legal to effectuate service under the Hague[1]. In the extpence of ABC Lega, such service typically takes between six and twelve months. (Hamilton Decl. at ¶8.) Pursuant to Article 15 of the Hague Convention, Plaintiff could precede to take the default of Airbus[2], however, Plaintiff believes it would be more equitable for this Court to grant her permission to serve in accordance with Federal Rule of Civil Procedure Rule 4(f)(3). Specifically, Plaintiff proposed service via international courier, Federal Express. Service under Rule 4(f)(3) "must be (1) directed by the court; and (2) not prohibited by international agreement." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

Under Rule 4(f)(3), "courts have authorized a wide variety of methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Props*., 284

---

[1] Plaintiff provided a detailed accounting of her efforts at service in response to the Court's prior OSC. [ECF Dkt. No. 46.] To avoid duplication, Plaintiff has not repeated such efforts herein, however, Plaintiff has attached a declaration from ABC Legal regarding such efforts. Declaration of Rick Hamilton ("Hamilton Decl.") at ¶¶ 5-6.

[2] Under Article 15 of the Convention, a United States Court may, notwithstanding the absence of proof of service, grant default judgment upon satisfaction of three conditions:(a) the document was transmitted by one of the methods provided for in this Convention, (b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the documents, [and] (c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed. Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), 20 U.S.T. 361, T.I.A.S. No. 6638 (Feb. 10, 1969), Art. 15 ¶ 2. The United States formally adopted the provisions of this paragraph in Declaration No. 3. Designations and Declarations Made on the Part of the United States in Connection with the Deposit of the United States Ratification, Declaration No. 3; see also *CGI Techs. & Sols. Inc. v. Acacio,* No. SACV171943JVSKESX, 2019 WL 978097, at *3 (C.D. Cal. Jan. 4, 2019).

F.3d at 1016. Notably, in *Rio Properties*, the Ninth Circuit held that the district court properly found that alternative service via international courier and via email was constitutionally acceptable. *Id.* at 1016–17. The Ninth Circuit confirmed that the "Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Id.* at 1017; see also *Chanel, Inc. v. Lin*, 2009 WL 1034627, at *2 (S.D. Fla. April 16, 2009) (noting that a method of service under Rule 4(f)(3) should be calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

Plaintiff requests that the Court permit her to serve Airbus via international courier, Federal Express, to Airbus' headquarters in Toulouse, France as well as its two engineering centers in North America – Wichita, Kansas, and Mobile, Alabama. Federal courts have commonly authorized service of process via FedEx or another international courier pursuant Rule 4(f)(3) on defendants located outside the United States. See *Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769, at *3 (S.D.N.Y. March 23, 2005) (approving service by certified mail or FedEx); *Mainstream Media, EC v. Riven*, 2009 WL 2157641, at *3 (N.D. Cal. July 17, 2009) (noting that, previously, the "court granted [the plaintiff's] motion for alternative service on [the defendant] pursuant to Federal Rule of Civil Procedure 4(f)(3), directing that the prior delivery of service documents by [the plaintiff] to [the defendant] via [*inter alia*]. . . FedEx was effective service of process."); *Bank of Credit and Commerce Int'l (Overseas) Ltd. v. Tamraz*, 2006 WL 1643202, at *6 (S.D.N.Y. June 13, 2006) (ordering that "[p]ursuant to Federal Rule of Civil Procedure 4(f)(3), plaintiff shall serve [the defendant] by Federal Express addressed to him at [his address in Paris, France] with plaintiff to furnish evidence regarding the signature of the person who accepted the package.").

Based upon the above, Plaintiff respectfully requests that the Court discharge the OSC and issue an order permitting Plaintiff to service Airbus pursuant to

Fed.R.Civ.P.4(f)(3) via international courier, Federal Express.

DATED:  March 24, 2019                    **BRADLEY/GROMBACHER, LLP**

                                          By**:**  /s/   Kiley Lynn Grombacher
                                                 Marcus J. Bradley, Esq.
                                                 Kiley Lynn Grombacher, Esq.
                                                 Attorneys for Plaintiff