**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:  (805) 270-7100
Facsimile:   (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@ bradleygrombacher.com

**ROTHSCHILD & ASSOCIATES, APC**
Kristi D. Rothschild, Esq. (SBN 222727)
Julian Alwill, Esq. (SBN 259416)
27 W. Anapamu Street, Suite 289
Santa Barbara, California  93101
Telephone:  (805) 845-1190
Facsimile:   (805) 456-0132
krothschild@kdrlawgroup.com
jalwill@kdrlawgroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA RIDGELL, on behalf of herself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC. a Colorado corporation; AIRBUS S.A.S., a foreign corporation doing business in the State of California; AIRBUS GROUP HQ INC., a corporation doing business in the State of California<br>Defendants. | **CASE NO. CV 18-4916 PA (AFMx)**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO SERVE DEFENDANT AIRBUS S.A.S UNDER FEDERAL RULE 4(f)(3)**<br><br>DATE: May 6, 2019<br>TIME: 1:30 p.m.<br>DEPT: 9A |

1

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO SERVE DEFENDANT AIRBUS S.A.S UNDER FEDERAL RULE 4(f)(3)**

**TO THE HONORABLE COURT, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 6, 2019 at 1:30 p.m. before the Honorable Percy Anderson, in Courtroom 9A of the United States District Court located at 350 West 1st Street, Los Angeles, California, 90012, plaintiff, Andrea Ridgell ("Plaintiff") shall and does move this Court for entry of an Order pursuant to Federal Rule 4(f)(3). authorizing service upon Defendant Airbus S.A.S. ("Airbus") through international courier.

The Motion is made on the accompanying Memorandum of Points and Authorities, the declaration of Kiley Lynn Grombacher, the Proposed Order, all other pleadings and papers on file in this action, and all further evidence and argument that may be adduced in connection herewith.

DATED: April 6, 2019          **BRADLEY/GROMBACHER, LLP**


By**:**  /s/   Kiley Lynn Grombacher
Marcus J. Bradley, Esq.
Kiley Lynn Grombacher, Esq.
Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Andrea Ridgell ("Plaintiff") moves for an Order authorizing service upon Defendant Airbus S.A.S. ("Airbus") through international courier pursuant to Federal Rule 4(f)(3).

## I. INTRODUCTION

Defendant Airbus, which is located in France, designs and manufactures the aircrafts that are the subject of this lawsuit. As a result, Airbus is the entity with the most knowledge of the facts that form the basis of many of Plaintiff's claims in this action. Nearly nine months ago, Plaintiff sought to effectuate service directly on Airbus by making a request of service through the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (the "Hague Convention"). Despite Plaintiff's efforts to accomplish service through the Hague Convention over the past year, at a cost exceeding Five Thousand Dollars service has not yet been effectuated. When service through the Hague Convention is frustrated and delayed as it has been here, Rule 4(f)(3) allows district courts to order an alternative means of service, including service via international courier.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff, has diligently sought to effectuate service so that she may prosecute this action. Promptly upon filing, Plaintiff caused the case initiating documents, including the summons and the more than twenty-five-page complaint to be translated into French. (Grombacher Decl. at ¶ 7.) The service documents, were then transmitted to ABC Legal Services, Inc. ("ABC Legal") for transmittal and service. (Id. at ¶ 8.)

On or about July 12, 2018, a request for service along with the summons, complaint and other case initiating documents and orders was sent by ABC Legal to the Ministry de la Justice in Paris. (Id. at ¶9.) The process request was confirmed received by the Ministry de la Justice in Paris on July 16, 2018 (Id. ¶ 10.) ABC Legal has made attempts to follow up regarding service, however, at present, service upon Airbus has

not been fully effectuated.  (Id. at ¶¶ 11, 12.)

## III.   ARGUMENT

Federal Rule of Civil Procedure 4(h) governs international service of process on foreign businesses. Specifically, Rule 4(h)(2) authorizes service of process on a foreign business in the same "manner prescribed by Rule 4(f) for serving an individual, except personal delivery...." Fed. R. Civ. P. 4(h)(2).

Federal Rule of Civil Procedure 4(f) provides three methods for service. First, Rule 4(f)(1) allows for service by "any internationally agreed means ... that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). Second, Rule 4(f)(2) provides that "if there is no internationally agreed means, or if an international agreement allows but does not specify other means," then service may be effectuated in accordance with the laws of the foreign country, as directed by the foreign authority in response to a letter rogatory or letter of request, or by using any form of mail that the clerk addresses and that requires a signed receipt, unless prohibited by the foreign country's laws. Fed. R. Civ. P. 4(f)(2). Third, Rule 4(f)(3) permits service by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

Based upon the plain language of Rule 4(f)(3), the only two requirements for service under that Rule are that it must be (1) directed by the court, and (2) not prohibited by international agreement. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Rule 4(f)(3) is "neither a 'last resort' nor extraordinary relief.' It is merely one means among several which enables service of process on an international defendant." *Rio Props., Inc.*, 284 F.3d at 1015. As such, a plaintiff is not required to first exhaust the methods contemplated by Rule 4(f)(1) and (2) before petitioning the Court for permission to use alternative means under Rule 4(f)(3). *Rio Props., Inc.,* 284 F.3d at 1015.

The Advisory Committee Notes to Rule 4 provide further guidance as to when

alternative service may be appropriate:

> The Hague Convention, for example, authorizes special forms of service in cases of urgency if conventional methods will not permit service within the time required by the circumstances. Other circumstances that might justify the use of additional methods include the failure of the foreign county's Central Authority to effect service within the six-month period provided by the Convention, or the refusal of the Central Authority to serve a complaint seeking punitive damages or to enforce the antitrust laws of the United States. In such cases, the court may direct a special method of service not explicitly authorized by international agreement if not prohibited by the agreement. Inasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law.

Fed. R. Civ. P. 4, Advisory Committee Note to Subdivision (f)(3).

Under Rule 4(f)(3), "courts have authorized a wide variety of methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Props*., 284 F.3d at 1016. Notably, in *Rio Properties*, the Ninth Circuit held that the district court properly found that alternative service via international courier and via email was constitutionally acceptable. Id. at 1016–17. The Ninth Circuit confirmed that the "Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." Id. at 1017; see also *Chanel, Inc. v. Lin,* 2009 WL 1034627, at *2 (S.D. Fla.April 16, 2009) (noting that a method of service under Rule 4(f)(3) should be calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

Article 10(a) of the Hague Convention states, "[p]rovided the State of destination does not object, the present Convention shall not interfere with—a) the freedom to send judicial documents, by postal channels, directly to persons abroad...." Convention done at the Hague Nov. 15, 1965, art. 10(a), 20 U.S.T. 361, 658 U.N.T.S. 163, C.T.S.

5

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO SERVE DEFENDANT AIRBUS S.A.S UNDER FEDERAL RULE 4(f)(3)**

1989/2[1].

By this motion, Plaintiff requests that the Court permit her to serve Airbus via international courier, Federal Express, to Airbus' headquarters in Toulouse, France as well as its listed "U.S. Contact" in Virginia[2].

Service of process by international courier has been widely permitted under the Hague Convention, with some courts construing service of process by postal channels to include service of process by international courier. *Mainstream Media, EC v. Riven*, No. C 08-3623, 2009 WL 2157641, at *3 (N.D. Cal. July 17, 2009) (noting that previously the "court granted [Plaintiff's] motion for alternative service on [Defendant] pursuant to Federal Rule of Civil Procedure 4(f)(3), directing that the prior delivery of service documents by [Plaintiff] to [Defendant] via e-mail, international mail, and international courier (Federal Express) was effective service of process."); *Jenkins v. Pooke,* No. C 07-03112, 2009 WL 412987, (N.D. Cal., Feb, 17, 2009) (directing that service be effectuated via electronic mail, international mail, and international courier); *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100 (D. Nev. 1996) (upholding service by Federal Express under Article 10(a) of the Hague Convention); *Power Integrations, Inc. v. Sys. Gen. Corp.*, No. C 04–02581 JSW, 2004 WL 2806168 (N.D. Cal. 2004) (stating that Griggs found that Federal Express was a "postal channel" for

---

[1] Although there is some disagreement as to whether Article 10 is intended to refer to service of process, the most widely supported interpretation of Article 10(a) is one that permits the use of postal channels as a means of proper service of process under the Hague Convention. See *Dierig v. Lees Leisuire Indus., Ltd.,* No. 11-125, 2012 U.S. Dist. LEXIS 26181, at *50-52 (E.D. Ky. Feb. 28, 2012) (noting the disagreement among some circuits as well as district courts for the Sixth Circuit as to whether service by mail is permitted, but following the approach permitting service of process by mail, which is consistent with the drafters' intent as well as the understanding on the signatories); *Rae Group, Inc. v. AIESEC Int'l,* No. 08-10364, 2008 U.S. Dist. LEXIS 83519, at *2-8 (E.D. Mich. Oct. 20, 2008) (holding that based "on the history of the Hague Convention and the interpretation of Article 10(a) by persons responsible for its enforcement, the Court concludes that Article 10(a) allows service of process on an international defendant by registered international mail.").

[2] Plaintiff shall direct such service to the following addresses: 1, Rond Point Maurice Bellonte Blagnac Cedex Toulouse, 31707 and Airbus Americas Inc., 2550 Wasser Terrace, Suite 9000, Herndon, Virginia, 20171. While Airbus has a processing plant in Mobile, Alabama, Airbus lists the Virginia address as its U.S. Contact for commercial aircraft. See https://www.airbus.com/us/en/contact-us.html.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO SERVE DEFENDANT AIRBUS S.A.S UNDER FEDERAL RULE 4(f)(3)**

purposes of the Hague Convention).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court authorize service upon Airbus S.A.S. via Federal Express.

DATED:  April 6, 2019          **BRADLEY/GROMBACHER, LLP**

By**:** /s/   Kiley Lynn Grombacher
Marcus J. Bradley, Esq.
Kiley Lynn Grombacher, Esq.
Attorneys for Plaintiff