UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | April 26, 2019 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**      IN CHAMBERS – COURT ORDER

      Before the Court is a Motion to Serve Defendant Airbus S.A.S. Under Federal Rule 4(f)(3) ("Motion for Alternative Service") filed by plaintiff Andrea Ridgell ("Plaintiff") (Docket No. 50). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for May 6, 2019, is vacated, and the matter taken off calendar.

      Plaintiff commenced this action against Frontier Airlines, Inc. ("Frontier") and Airbus S.A.S. ("Airbus") on June 1, 2018. Plaintiff seeks damages arising out of a "fume event" on a flight she took on an airplane operated by Frontier and manufactured by Airbus. Plaintiff retained ABC Legal Services to effectuate service on Airbus in France in July 2018. ABC Legal Services transmitted a copy of the Summons and Complaint, translated into French, to the Minsitère de la Justice in Paris on July 16, 2018. Although ABC Legal Services has attempted to follow-up with the French government's central authority concerning its progress in serving Airbus with the Summons and Complaint, service has not been effectuated in the more than nine months since those documents were provided to the Minsitère de la Justice. Plaintiff now seeks, pursuant to Federal Rule of Civil Procedure 4(f)(3), an order from this Court to allow it to serve Airbus with the operative Summons and First Amended Complaint by international courier service, at the Airbus headquarters in Toulouse, France, and at a facility Airbus operates in Herndon, Virginia, that Airbus lists on its website as its place of contact for commercial aircraft within the United States.

      Federal Rule of Civil Procedure 4(h)(2) permits service on a foreign corporation in any manner prescribed by Rule 4(f) to serve an individual. In turn, Rule 4(f) provides that an individual "may be served at a place not within any judicial district of the United States":

        (1)    by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | April 26, 2019 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

        by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

    (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

    (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

    (C) unless prohibited by the foreign country's law, by:

        (I) delivering a copy of the summons and of the complaint to the individual personally; or

        (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

     France and the United States are signatories to the Hague Convention referenced in Rule 4(f)(1). See Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638; HCCH, available at https://www.hcch.net/en/instruments/conventions/status-table. The Hague Convention "was intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4916 PA (AFMx) | Date | April 26, 2019 |
|---|---|---|---|
| Title | Andrea Ridgell v. Frontier Airlines, Inc., et al. | | |

to facilitate proof of service abroad." Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699, 108 S. Ct. 2104, 100 L. Ed. 2d 722 (1988). It applies "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention, art. 1. The Hague Convention requires signatory countries to establish a Central Authority to receive requests for service of documents from other countries and to serve those documents by methods compatible with the internal laws of the receiving country. Hague Convention, art. 2; Volkswagenwerk Aktiengesellschaft, 486 U.S. at 698–99, 108 S. Ct. 2104, 100 L. Ed. 2d 722.

     Service through a country's Central Authority is the principal means of service under the Hague Convention. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). Article 10 provides, however, that the Convention does not interfere with service directly to persons abroad via "postal channels," unless the country of destination objects. Hague Convention, art. 10; see Water Splash, Inc. v. Menon, 137 S. Ct. 1504, 1513, 197 L. Ed. 2d 826 (2017). Therefore, because France has not objected to service through "postal channels," Rule 4(f)(3) authorizes the Court to order service through "other means" such as international courier or email so long as the method of service is reasonably calculated to give the defendant notice and an opportunity to be heard in a manner that comports with constitutional notions of due process. See Rio Props., Inc v. Rio Int'l Interlink, 284 F.3d 1007, 1014, 1016 (2002).

     The Court concludes that service by international courier, in this case Federal Express, on the addresses identified in Plaintiff's Motion for Alternative Service, is permissible under the Hague Convention and Rule 4(f)(3), and is reasonably calculated to give Airbus notice of this action and an opportunity to be heard in a manner that comports with constitutional notions of due process. The Court therefore authorizes Plaintiff to serve French and English versions of the operative Summons and First Amended Complaint by Federal Express to Airbus' headquarters in Toulouse, France and their United States contact address in Herndon, Virginia. Plaintiff shall file a Proof of Service establishing service in accordance with this Order by no later than May 20, 2019. Failure to do so may result in the dismissal of Airbus without prejudice for lack of prosecution without further warning.

     IT IS SO ORDERED.